IN The UniTed STaTes DisTricT CourT For The
DisTricT oF Delaware

GreBorY A. Bordley                    X

            PeTiTioner,               X    C.A. No.   05 - 315

Thomas Carroll, D.C.C.                X

Warden, M.J. Brady                    X

Chief ATTorney GenEral                X

oF Delaware, ResPondenTs              X

FILED

MAY 19 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MeMoranDum oF Law In SuPPorT oF
PeTiTioner's WriT OF Habeas CorPus

_Gregory A. Bordley_
GreGort G. Bordley

D.C.C.

1181 Paddock Road

SmYrna, Delaware 1997?

MaY 17, 2005

## Procedural History And Supporting Fact's

The Record in This case Reflects The Petitioner was arrested in Camden Delaware by The Dover Police department on January 9th, 1998. Petitioner was arrested For Burglary 1st degree, Terroristic Threatening, Assault 3rd and Criminal Mischief. The charges were stemming From a domestic dispute Petitioner had with his Girlfriend of 15 years, Ms. Elizabeth Lopen. The Petitioner was incarcerated due To lack of bail in The amount of $ 72.000. There was a Preliminary hearing set To be held on or about January 16. 1998, which was waived at The directions of Ms. Sandra Dean a Public defender of The Kent County Office. Ms. Saundre Dean was in a conflict of interest with The Petitioner because she was representing The Prosecution Star witness on an unrelated matter. There was a discovery response on January 27, 1998.

A True bill of indictment was Filed on February

(1)

2nd, 1998 at which Time Petitioner was represented by Mr. Richard Baumeister of the Public defenders in Dover, Delaware.

There was a no contact order, which was violated by the alleged victim Ms. Elizabeth Lopez. Petitioner states that Ms. Lopez was writing and sending money To him, while the state's witness was illegally contacting the Petitioner, the Petitioner kept trying to contact his attorney Mr. Baumeister To get the charges dismissed due to the alleged victim violating the no contact order, but his attorney Mr. Baumeister Refused To put any Effort in the case.

Petitioner, motioned the Court on May 1st, 1998 To proceed pro-se due To Counsel's neglect, which was granted and Mr. Baumeister was appointed as standby Counsel. Petitioner was still writing Mr. Baumeister because he was still incarcerated and he needed the investigation To proceed so the Petitioner could prepare for Trial. Mr. Baumeister Refused To do any Type of investigation or file any Pre-Trial motions, however

on May 20, 1998 he requested from the court to go on vacation, knowing there was a trial date set for June 3rd, 1998.

The alleged victim got arrested for pulling a knife on somebody on or about October 12, 1998 and the Public Defenders office took the case and she was also represented by Mr. Baumeister at the same time.

Before trial on January 5th, 1999, Mr. Baumeister brought it to the court's attention that he was representing the State's star witness, the petitioner's ex-girlfriend Ms. Elizabeth Lopez and that there was a conflict of interest. Mr. Baumeister further stated he didn't prepare for the case and wasn't familiar enough with the case to go to trial today. He apologized for not being ready, and stated he needed further discovery and get into the meat of the issues. The petitioner counsel admitted to a conflict of interest and being unprepare, so he requested a continuance, therefore the Judge denied the continuance. The Judge abused his discretion when he denied counsel's motion for a continuance.

(3)

Counsel moved to have the evidence of Love Letters cards, money orders the states witness sent to the petitioner which violated the courts no contact order. The Prosecution objected to the evidence which was Favourable to the Petitioner because it would have discredited the Prosecution Key witness.

The Trial Judge abused his discretion by not allowing the Letters, cards and money order into evidence. Trial Judge abused his discretion again by limiting counsel's cross-examination of the Prosecuting witness, thereby excluding Testimony of the State Hospital Record and the witness mental health issues.

The issue of defective indictment was Presented to Trial court as illegal amendment of the indictment and on direct appeal was dismissed as a harmless error. However the issue concerning the defective indictment was Presented, the only issue Raised due to ineffective assistance of counsel and conflict of interest. The issue concerning the defective indictment was Presented as the State Failed to Prove each and every

(4)

element in The indictment. The STATE CouRT's rulings involves misapplication of Facts and laws, due To a conflict of intevest. Petitioner states The Public defenders office was ineffective Throughout These criminal Proceedings due To a Conflict of interest. Petitioner states he was Told by his Trial attorney not To testify because he said The STATE Failed To Prove Their case. Petitioner reluctantly Took The bad advise and didn't Testify. AT The close of Trial The Prosecution motioned To amend The indictment, which was denied. The Jury Found The Petitioner Guilty of Burglary 1st, Assault 3rd and criminal mischief. There was a motion For Judgment of acquittal or For a New Trial, which was denied. on February 16, 1999, The Prosecution motioned To declare The Petitioner an habitual offender.

Mr. Paul Swierzbinski Represented Petitioner at sentencing on February 11, 2000. Mr. Swierzbinski was ineffective as well because he Failed To Point out The negligence of The Public defenders office due To a Conflict of interest. Bernard J. O'Donnell was ineffective on direct appeal

(5)

by only raising one issue, which was "The State failed to Prove That defendant assaulted or Terroristically Threatened The alleged victim, during The Course of a burglary, where The alleged acts occurred outside of The dwelling, and The indictment did not allege That The offenses occurred within the immediate flight From The dwelling". Only one issue was raised due to a Conflict of interest. Petitioner states The appeal No. 79, 2000 was affirmed on October 25, 2000.

Petitioner Filed a motion For Postconviction Relief Pursuant To Superior Court Criminal Rule(61). Petitioner also Filed a motion To amend the motion For Postconviction relief. The motion was referred To commissioner, Andrea M. Freud For Proposed findings and recommendation Pursuant To Title 10. Del. C. 512 (b).

In Superior Court Criminal Rule 61 The following was asserted:

Ground one.: INEFFECTIVE assistance of Counsel and Conflict of interest. My attorney, mislead The Petitioner

(6)

To believe that he couldn't be sentenced under the
habitual offender status. Mr. Baumeister violated
Professional conduct when he was both parties lawyer.
Mr. Baumeister never interviewed state's key witness
or investigate the crime.

Ground Two: Trial Judge abused his discretion.
The Trial Judge excluded evidence of the defense
that would have discredited the state's key witnesses
credibility if that evidence would have been admitted
it would have change the outcome of the Trial

Ground Three: The indictment was defective and violated
the defendant's 5th amendment right. The defendant
was charged with First degree burglary by person
of assault in a dwelling. The state have the burden
of proving each and every element. The state did not
prove that the assault took place in a dwelling.

Ground Four: Habitual offender status 4214(b).
The state has the burden of proving that the defendant
has (3) three of the predicated offenses to be sentence
under 4214(b). The defendant claims that in 1980 he

was only convicted of possession of marijuana in a plea agreement, therefore that charge should not be consider a felony.

Ground Five : Selective and Vandictive Prosecution. The record will show that the State used Selective Prosecution.

Petitioner Amended The Following:

Ground Six : Defendant's Trial counsel was ineffective for not being permitted the necessary time to prepare sufficiently for Trial.

Ground Seven : Trial counsel was ineffective in that he failed to verify any Phychological Test conducted on the victim through an independent expert.

Ground Eight : Trial Judge abused his discretion by omitting from Trial letter's from victim to defendant and by not allowing questioning of the victim's mental state.

Ground nine : Insufficient evidence to establish defendant status as an habitual ineffective counsel.

Superior Court denied the Pro-Se motion for Postconviction

RELIEF ON SEPTEMBER 30, 2002. PETITIONER FILED AN APPEAL TO SUPREME COURT NO. 596, 2002.

HOWEVER THE PETITIONER INADVERTENTLY FILED A MOTION FOR RECONSIDERATION. IT WAS DUE TO DIVERSE JURISDICTION THE MOTION FOR RECONSIDERATION WAS STAYED BY SUPERIOR COURT UNTIL THE APPEAL WAS RULED ON:

Submitted: December 27, 2002

Decided : April 1, 2003

The MOTION FOR RECONSIDERATION WAS DENIED August 29, 2003, which was appealed To The Supreme Court in appeal No. 482, 2003. This appeal was affirmed on June 30, 2004.

This is PETITIONERS WRIT OF Habeas Corpus.

PETITIONER STATES he has been denied COMPETENT COUNSEL FROM THE TIME OF ARREST all THE WAY THROUGH THESE CRIMINAL Proceedings. The denial OF COMPETENT COUNSEL has FURTHER denied PETITIONER THE RIGHT To a Fair Trial Thereby violating PETITIONER's 6th and 14th amendment RIGHTS.

PETITIONER was also denied COMPETENT Counsel on direct appeal in NO. 79, 2000 Thereby violating his 6th and 14th amendment RIGHTS. SEE...EVITT V. LUCEY, 105 S.CT

(9)

830 (1985). Petitioner is requesting This Court To liberally construe This Pro-se Writ of Habeas Corpus in accordance with Court rules Governing extraordinary Writs. See.... Haines V. Kerner, 404 U.S. 519, 520, 92 S Ct. 594, 30 L. Ed 2d, 652 (1972). Riddle V. Mondragon, 83 F3d 1197, 1202 (10th Cir 1996) also See... Zilich V. Lucht, 981 F. 2d 694 (3rd Cir 1992).

Petitioner further request This Court To address and rule on all issues on The merit because all issues have been exhausted in State Court. See.... O'Sullivan V. Boeckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L.Ed (1999). Petitioner states he is raising Four basic claims in This Writ of Habeas Corpus To address in The interest of Justice because The Petitioner is innocent of The Charges.

(A). Ground one: Ineffective assistance of Counsel; Conflict of interest. Petitioner claims his Trial attorney, Mr. Richard Baumeister, mislead The Petitioner To believe That he could not be Sentenced under The habitual offender status. Mr. Baumeister Violated Professional

(10)

conduct when he was both parties lawyer, Mr. Baumeister never interviewed state's key witness or investigated the crime. See.... Strickland V. Washington, 104 S.CT 2052, 2065, Cuyler V. Sullivan, 446 U.S. 335, 350 (1980) also see Lewis V. State, Del. Supr, 757 A.2d 709 (2000).

(B). <u>Ground Two</u>: Trial Judge abused his discretion when he denied counsel's request for a continuance. Petitioner claims he was denied a fair trial and Trial Judge abused his discretion when he denied defense counsel's request for a continuance for further discovery and investigation. This was a direct violation of Petitioner 6th and 14th amendment rights to a fair trial. See.... U.S. V. Cronic, 104 S.CT 2039 (1984).

(C). <u>Ground Three</u>: Petitioner claims Trial Judge abused his discretion when he denied Trial attorney full cross-examination of Prosecutor's key witness which violated his 6th and 14th amendment right to a fair trial. See.... VanArsdall V. State, 486 A.2d 1, (Del. Supr. 1984).

(D). <u>Ground Four</u>: Trial Judge abused his discretion

when he excluded evidence of the defense that would have discredited the state's key witness credibility. This violated petitioner's 6th and 14th amendments to a fair trial. See.... Schlup V. Delo, 513 U.S. 298.327. 115 S.CT. 851. 130 L.E.d 2d 808 (1995).

(A). Ground one: Ineffective assistance of Counsel;
conflict of interest.

Petitioner claims his trial attorney, Richard Baumeister,
mislead the petitioner to believe that he could not
be sentenced under the habitual offender status. Mr.
Baumeister violated professional conduct when he was
both parties lawyer. Mr. Baumeister never interview
state's key witness or investigated the crime.

Standard and scope of review

The state court's decissions concerning ineffective
assistance of counsel and conflict of interest was
contrary to the united states supreme court decisions
in Strickland V. Washington, 104 S.Ct. 2052, 2065; also see....
Cuyler V. Sullivan, 446 U.S. 335, 350 (1980).

Petitioner claims his attorney kept misleading him into
believing that the prosecutor could not declare the petitioner
an habitual offender. Petitioner claims this was due to the
negligence of Mr. Baumeister and a direct violation of
petitioner's 6th and 14th amendment rights, TT. A-5 A-6 App. B-12.
Mr. Baumeister: "So it was my opinion at the time I was

(13)

representing Mr. Bordley that he was not eligible for habitual offender treatment"; π. A-8, APP. B-3.

Petitioner claims if his trial attorney would have done a minimal amount of investigation then he would have known the prosecution was going to have petitioner classified as an habitual offender pursuant to title 11, Del. C. 4214(b).

Petitioner claims counsel can be found ineffective for misleading the petitioner concerning the status of his case or the length of sentence the petitioner could receive.

Petitioner claims he was denied the right to a fair trial because he was denied effective counsel during the course of these criminal proceedings.

In order to prevail on a claim of ineffective assistance of counsel the court's have held, there must be a two prong test proven.

First the petitioner must demonstrate that counsel's conduct fell measurably below the conduct expected of reasonably competent criminal defense counsel; second the prejudice to him as a result of his conduct. See... Strickland V.

(14)

Washington, 466 U.S. 668 (1984). Petitioner claims Mr. Baumeister also wrote the District Attorney, Mr. Andrew Vella Telling him that the defendant, Mr. Bordley was not eligible for the habitual offender status Pursuant to Title 11, Del.C. 4214(b), in a letter dated August 26, 1998 APP. A-14.

Petitioner states he would have taken the Plea to (2) years when it was offered on December 30, 1998, instead of going to Trial and receiving a life Sentence under the habitual offender status, See APP. A-15.

Petitioner claims if it weren't for counsel's misleading him concerning the status of the case and Sentencing the outcome of these criminal Proceeding would have been different.

The Petitioner claims his Trial attorney admitted he did not do anything to Prepare for the case. See... Tr. A-9 Through A-15, APP. B-4-5.

Petitioner claims counsel was representing the case from January 9, 1998 until May 1st, 1998, and was ineffective because the only thing he did was give wrong

(15)

information concerning the habitual offender status and the case in general. Superior Court Docket, APP... A-16-17. The Petitioner request this honorable Court to find counsel ineffective the time he represented the case. The Court's can further determined the Petitioner was constructively denied counsel. See... APPEL V. HORN, 250 F.3d 203 (C.a. 3 Pa 2001). Petitioner claims his attorney was obligated to file the proper pre-trial motions to defend the case during the time he represented the Petitioner from January 9, 1998 until May 1st, 1998. See... π A-15, APP. B-5.

Mr. Baumeister: Your Honor, that is fine, but that does present quite a dilemma to me, because I had to let the judge know this morning, I also represented the victim. The judge disqualified me from representing her, but I have not prepared this case.

I am not familiar enough with the case to go to trial today, I apologize for that, but I am simply not ready to try this case without further discovery and getting into the meat of the issues. See APP. B-5.

Petitioner claim counsel failed to file any pre-trial

(16)

motions and only gave Petitioner wrong information,
which surely constitutes ineffective assistance of counsel.
Petitioner claims the lack of investigation compromised
the case because counsel was unable to put the Prosecutions
case through any meaningful adversarial testing. See
United States V. Cronic, 466 U.S. 648, 104 S. Ct. (1984).
Petitioner further claims a conflict of interest with the
Public defenders office, because the Public defenders office
constantly Represented both the Petitioner and his victims,
which was a direct violation of Petitioner 6th and 14th
amendment Rights as well as Rules of Professional Conduct.

Petitioner claims the Public defender was suppose to
motion the Superior Court of Kent County to withdraw due
to a conflict of interest, however the Public defenders office
failed to file the motion to withdraw.

Petitioner claims Mr. Baumeister violated Delaware
lawyer Rules of Professional Conduct Rule 1.7 Conflict
of interest.

"A lawyer shall not Represent a client if the Representation
of that client may be materially limited by the

(17)

lawyers own interest, another client or third person."
Petitioner claims the leading case on conflict of interest,
clearly states Petitioner need not show Prejudice and Prejudice
is Presumed if Petitioner can show that a conflict actually
existed. see.... Cuyler V. Sullivan, 446 U.S. 335, 100 S.CT. (1980).

Petitioner claims a conflict of interest because his
attorney was representing his ex-Girlfriend, Elizabeth
LoPez, the Prosecutor Key witness in this case until the
morning of trial. The Proof of the actual conflict was
revealed to the trial court by Mr. Richard Baumeister
The morning of trial.

Mr. Baumeister stated: Your Honor, it does create a Problem
with the office of the public defender, because we have
represented Ms. LoPez in the past and up until this morning
were representing her on unrelated charges, but am still
concerned about a conflict situation here. See II. A-18, APP B-8.
Mr. Baumeister, goes on to say, the office of the public
defender, Particularly "Me", represented Elizabeth LoPez
on a new set of charges and if I may briefly advise
the court on what I understand them to be from the

(18)

matter of Public Record, which was the affidavit of
Probable cause, Ms Lopez apparently armed herself with
a Knife, threaten a co-worker, I believe at some place
out here on U.S. 13 with a Knife because the co-worker
was sitting on the washing machine and she had some
rather nasty things to say to the co-worker, definitely a
bizarre type of event, I'd have to say. See... Tr. A-37, APP B-14.

This was an Error of law when the Trial Judge
Failed to inform the Petitioner of the Conflict and advise
him of his Rights and request if he wanted Conflict
Free Counsel. See.... Lewis V. State, Del. Supr. 757 A.2d 709(2000).

Petitioner claims counsel was defending his Position
For not being Prepare For Trial See... Tr. A-15, APP. B-5.

Petitioner claims he was left without an attorney, at
which time his attorney was defending his Position For
not being Prepare For Trial. See... U.S. V. Gonzalez, 113 F.3d 1026,
(9th Cir 1997).

Petitioner Further claims he is intitled to Competent
counsel in every stage of criminal proceedings in accordance
with the 6th and 14th amendment Rights. See...

(19)

Johnson V. Zerbst, 304 U.S. 458, 462, 58 S. Ct. 1019, (1938).

The State Courts decisions concerning the issue of conflict of interest, weighed heavy on Petitioner to prove prejudice from the conflict of interest. Petitioner claims he can prove prejudice due to a conflict of interest and ineffective assistance of counsel which violated his 6th and 14th amendment rights.

However the State Courts rulings were contrary to Cuyler V. Sullivan, 446 U.S. 335, 3 So (1980), because Petitioner need not show prejudice, if he can prove an actual conflict of interest exsisted.

Petitioner further claims the States Courts rulings were also contrary to Lewis V. State, Del. Supr. 757 A.2d 709 (2000) because trial counsel kept informing trial court that a conflict of interest did exist but trial court failed to inquire into the issue or appoint conflict free counsel thereby violating Petitioner's 6th and 14th amendment rights.

Petitioner claims when the risk of a conflict of interest is brought to the attention of the courts the trial court has the responsibility to investigate further,

(20)

To advise the defendant personally, and to receive a knowing waiver if that is the expressed wish of the defendant. In the absence of waiver the court must resolve the question as it would any issue relating to the defendant's right to counsel.

"Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused."...

The trial court should protect the right of an accused to have the assistance of counsel.

" Holloway, 435 U.S. at 484, 98 S.Ct. at 1179 (quoting Glasser, 315 U.S. at 71, 62 S.Ct at 465) In Woods V. Georgia, 450 U.S. 261 101 S.Ct 1097, 67 L.Ed 2d 220 (1981), the court flatly stated that a conflict situation which is not addressed by the trial court requires reversal." Sullivan mandates a reversal when the trial court has failed to make an inquiry even though it "knows or reasonably should know that a particular conflict exists." Id 450 U.S. at 272 N.18, 101 S.Ct at 1104 N.18, Emphasis in original, Quoting Cuyler V. Sullivan, 446 U.S. 335, 347, 100 S Ct 1708. (1980).

Similarly, when a conflict situation becomes apparent to the Government, the Government has the duty to bring the issue to the courts attention and, if necessary move for disqualification of counsel. United States V. Agurs, 427 U.S. 97, 96 S. ct 2392, 2401, 49 L. Ed. 2d 342 (1976), Although the Government attorney must prosecute with "earnestness and vigor", he must also be faithful to his clients overriding interest that justice shall be done.

Petitioner claims he was prejudice by the conflict of interest because counsel didn't represet the prosecuting witness on unrelated changes, he "Mr. Baumeister" would have gotten Ms. Lopez Past and Prior criminal record before the mourning of trial. Counsel would also have gotten her mental status or history at the Delaware State Hospital because she was his client on numerous occasions. See Lopez's Docket Sheet. APP. A-26.

Petitioner further claims he was prejudice by the lack of this counsels investigation due to the conflict of interest, because the Public defenders office didn't want portrait, the prosecuting witness unreliable because the

Public defenders office was representing the Prosecuting key witness on unrelated charges at the same time.

Petitioner claims if the public defenders would have discredited the Prosecutions key witness then it would have compromised their position and violated her rights, as well. Petitioner claims instead of compromising the Prosecutions key witness rights, the public defenders office compromised his rights, thereby violating his 6th and 14th amendment rights.

Petitioner claims his appellant counsel was ineffective as well, due to a conflict of interest because he failed to raise appealable issues on direct appeal. The Petitioner was represented by the public defenders office, Bernard O'Donnell filed the direct appeal in No. 79, 2000. Petitioner claims he was denied due process on his direct appeal thereby violating his 14th amendment right. See EVETTS V. LUCEY, 105 S.CT. 830 (1985).

Petitioner claims his counsel on direct appeal filed only one issue on direct appeal which was presented as follows: "The Superior court erred by not granting the defendant

(23)

motion For new Trial or Judgement of acquittal on the Ground That The State did not establish That The assault had occurred in The dwelling as alleged in The indictment."

Petitioner claims Counsel was ineffective on direct appeal For Failing To raise Good appealable issues which could be a dead bang winners. See U.S. V. Cook, 45 F.3d 388 (10th Cir 1995).

(1). Conflict Of interest, That issue was brought To The Trial Court's attention on Several occasions, but wasn't Presented on direct appeal because The appellant counsel was employed by The Public defender's OFFICE, and didn't want To Point out The negligence of his office. However The Trial Judge abuse his discretion by not informing Petitioner he was intitled To Conflict Free Counsel. See.... Lewis V. State, Del. Supr. 757 A.2d 709 (2000). Also See... U.S V. Cook, 45 F.3d 388 (10th Cir 1995).

(2). Denial of a Continance, Counsel requested a Continance, To Prepare For Trial, and Trial Judge abused his discretion by denying The oral motion. Petitioner claims he was

left without a defense due to counsel being unprepared.
See... U.S. V. Cronic. 104 S. Ct. 2039 (1984).

Illegally Suppressing Favorable Evidence; Trial Judge abused his discretion by not allowing favorable evidence to be presented to the jury.

Petitioner claims counsel requested to enter into evidence cards / letters, and reciepts of money order. The money orders and cards / letters came from the prosecution key witness. Petitioner claims the money order reciepts and letters were favorable for defense, because that evidence contradicted the prosecution case.

Petitioner claims the prosecutor objected to the letters and money order reciept being entered into evidence. The Trial Judge agreed with the prosecutor and refused to allow this evidence to be presented to the jury.

The Petitioner counsel failed to raise this issue on direct appeal because he would have been arguing against his colleques in the public defenders office. Petitioner claims this was due to a conflict of interest and a direct violation of his 6th and 14th amendment rights.

(25)

Appellate Counsel may be Constitutional deficient in omitting a dead-bang winner even while zealously Pressing other strong (but unsuccessful) claim. See... Page V. United States, 884 F.2d 300, 302, (7th Cir 1989). See... Also Evitts V. Lucey, 469 U.S. 387, 397, 105 S.Ct (1985). Petitioner claims his counsel on appeal Violated his 6th and 14th amendment and denied him due Process of law on his direct appeal. The Trial Judge abused his discretion when he limmited the cross-examination of the Prosecutions Key witness. This denied Petitioner the Right of Confrontation. The Prosecution Star witness Elizabeth LoPer was committed To The Delaware State Hospital on Three (3) different accasion and The Trial Court Refused To allow Trial attorney To cross-examine The Key witness on her stay at The Delaware State Hospital.

Petitioner Trial attorney failed To cross-examine The Prosecution Star witness on The deal she made To Testify against The Petitioner. So The Prosecutor would dismissed her Pending Criminal charges against her. See... U.S. V. Bagley, 473 U.S. 667 (1986), Giglio V. U.S., 405 U.S. 150, 154 (1972). See... Victim Docket Sheet A-28

Therefore, Petitioner conviction should be vacated and remand for a new Trial.

(26)

(B). Ground Two: Trial Judge abused his discretion when he denied counsel's Request For a Continuance of Trial.

Petitioner claims he was denied a Fair Trial, and Trial Judge abused his discretion when he denied Trial counsel's Request For a continuance For Further discovery and investigation, This was a direct violation OF Petitioner's 6th and 14th amendment Rights To a Fair Trial.

Standard and Scope of Review

The States Court's decisions concerning The continuance and its adverse ruling was contrary To The United State Supreme Court decisions in, U.S.V. Chronic, 104 SCT 2039 (1984).

Petitioner claims on The day OF Trial on January 5th, 1999, The Trial attorney, Mr. Richard Baumeister, requested a continuance of Trial, because he needed additional time For discovery and investigation. See Tr. A-15, APP B-5.

The Prosecution opposed The Request For a Continuance, in violation of Petitioner's 6th and 14th amendment Rights Trial Judge denied counsel Request For a continuance Thereby denying The Petitioner a Fair Trial violating his 6th and 14th amendment Rights. The Court: "Well, I don't Think There's

(27)

anything I can do about that today, So I think the request for a continuance is denied". See.. A-22, B-9.

The Trial Judge abused his discretion when he denied counsel's request for a continuance, and the abuse of discretion further violated Petitioners 6th and 14th amendment rights, to the Compulsory Process for obtaining witnesses and evidence in his favor. See... United States V. Garnett, 149 F.3d 1018, (1998).

Petitioner claims he kept writing his counsel as soon as counsel was appointed to the case giving him information and evidence. To Present to the court but counsel failed and refuse to defend Petitioners case, this was a direct violation of Petitioners 6th and 14th amendment Right to a Fair Trial.

When denial of a continuance is asserted as the basis for a habeas petition, the petitioner must show that not only was the denial of the continuance was an abuse of discretion, but also that the denial was so arbitrary and fundamentally unfair that it violates constitutional principles of due process.

In determining whether the denial was fundamentally

(28)

unfair. The court focuses on the petitioner's "need for a continuance and the prejudice or lack of prejudice resulting from it's denial.

Petitioner claims this abuse of discretion by trial court, when he denied counsel's request for a continuance not only affected the compulsory process for obtaining witnesses but also affected counsel's ability to put the prosecutions case through any meaningful adversarial testing. Therefore the denial made the adversary process itself presumptively unreliable. See.... United States V. Cronic, 466 U.S. 648, 104 S. Ct. 2039.

Petitioner claims counsel failed to do any type of investigation or prepare a defense for trial. Thereby violating petitioner 6th and 14th amendment right to a fair trial. It can be determined by this court, trial counsel was ineffective when failing to do any pretrial investigation or file the proper pretrial motion to challenge the prosecutions case. See... Clark V. Blackburn, 619 F. 2d 431 (1980).

Petitioner claims when his trial counsel was presenting the issue concerning the need for a continuance on

(29)

January 5th, 1999, at ... TT A-15, APP B-5 he stated:

"I am not Familiar enough with the case to Go to Trial Today, I apologize For that, but am simply not ready to try this case without Further discovery and Getting into the meat of the issues".

Petitioner claims he kept insisting his attorney request For expert Funds to hire a Psychiatrist or Psychologist to examine the state's star witness, to determine if she was competent to testify at his Trial.

The negligence of counsel concerning Ms. Lopez mental state of mind of the Prosecutions star witness is listed on January 5th, 1999. See...TT-A-39.

"There is some occasions, also that Ms. Lopez has been on some anti-Psychotic or Psychotropic medications. Those would be things I would have if I were handling the case, I would File a motion to have her examine by a Psychiatrist or Psychologist to see if, in Fact she was competent to testify, and with her record, probably request to see

(30)

if she was competent to be a defendant in her other criminal case which is up and coming. A-38, APP. B-15.

Trial court denied the continuance and stated:

"Now, I'm not inclined to continue the case, I'm certainly not going to continue it because of the fact Mr. Baumeister is now back one the case. I will review these records but I am not inclined to continue this case to line up other witnesses."

Petitioner further claims Trial court should have granted the Trial counsel's request for a continuance so counsel could have motioned the court for expert funds, so counsel would be able to have the Prosecution's star witness examined by a Psychiatrist or Psychologist to determine if the Prosecutions star witness was competent to testify in this case.

Trial Judge abused his discretion again when he made a determination the Prosecutions star witness was able to testify without being examined by a Psychiatrist or Psychologist, as to her mental condition, Knowing Ms. LoPer had (3) mandatory commitment to

(31)

The Delaware State Hospital. See... TI. A-30, APP B-10.

PETITioner claims Trial Judge should have ordered a continuance To allow counsel To have The Prosecution Star witness mental State of mind examine because She had at least Three (3) mandatory Commitment To The Delaware State Hospital. See... A-30, APP. B-10.

"She was admitted To The Delaware State Hospital as a mental Patient on The 14th day of April of This Year. She has one Two Three mandatory commitment To The Delaware State Hospital as a mental Patient on her criminal Record, and I Think That does Go To her credibility."

The Trial Judge denied The Continuance and This Violated PeTiTioner's 6th and 14th amendment rights To The compulsory Process For obtaining witnesses in his favor, also inaccordance with Delaware constitution Article 1-7. PetiTioner claims he was also denied expert witnesses which would have TesTified The vicTim was committed To The Delaware State Hospital on Three different occasions as a mental PaTient. PeTiTioner claims his appellant

Counsel was ineffective as well due to a conflict of interest, because he also was out of the Public Defenders office.

Petitioner claims Trial Counsel brought the continuance to Trial court's attention several times claiming he objected to the Trial court's ruling, but he understood the ruling.

Petitioner claims appellant counsel failed to raise these appeallable issues on direct appeal. The Petitioner was represented by the Public defenders office, Bernard O'Donnell on direct appeal in Appeal No. 79, 2000.

Petitioner claims he was denied due Process on direct appeal because the issue of being denied a continuance was a matter of Record and should have been a issue on direct appeal because Trial Judge abused his discretion when he denied counsel Request for a continuance. This was a direct violation of Petitioner's 6th and 14th amendment Rights. Sec...
EVETT'S V. LUCEY, 105 S. Ct. 830 (1985).

This court has noted that in similar Contents, courts have

(33)

Found that a defendant has been denied effective assistance of counsel when the malfeasance or nonfeasance of his or her counsel effectively deprived the right to appeal. Therefore, deficient attorney performance in perfecting an appeal is prejudicial under the Strickland V. Washington, 466 U.S. 668, 104 S.CT. 2052, 2064, (1984) standard for determining ineffective assistance of counsel.

Petitioner claims counsel can be found ineffective on direct appeal for failing to raise good appealable issues which could be dead-bang winners. See.... U.S. V. Cook, 45 F.3d 388, (10th Cir 1995).

The trial judge abused his discretion when he denied Mr. Richard Baumeister a chance to properly prepare for trial, which was a direct violation of petitioner right to a fair trial in accordance with the 6th and 14th amendment rights.

Therefore, petitioner conviction should be vacated and remand for a new trial.

(c). Ground Three: Petitioner claims he was denied Full Cross-examination of State's key witness in violation of his 6th and 14th amendment Rights. Trial Judge abused his discretion by not allowing Cross-examination of State's witness concerning Pending Criminal Charges and Three Prior commitments To The Delaware State Hospital.

Standard and Scope of Review

The State's Court decisions concerning Full Cross-examination of The State's key witness was contrary to The United States Supreme Court decision in Reed V. United States, 452 A.2d 1173, 1176, (1982).

Counsel wished To comment on any Type of deal The State's key witness could have Gotten For her Testimony against The Petitioner, Regarding The victim Criminal charges. Counsel also wished To have The State's key witness mental history at The Delaware State Hospital To be Presented To The Jury For The issue of Credibility and Fabrication. See... Davis V. Alaska, 415 U.S. 308, 316, 94 S.Ct (1974). The Right of Cross-examination is so important That The defendant is allowed To "Search" For a deal between

(35)

The Government and the witness even if there is no hard
evidence that such a deal exists.

The right of cross-examination is so important that
the defendant is allowed to "search" for a deal between
the Government and the witness even if there is no
hard evidence that such a deal exists. What tells, of
course, is not the actual existence of a deal but
the witness belief or disbelief that a deal exists. See...
United States V. Onori, 535 F.2d 938, 945 (5th Cir 1976).

   The Prosecution motion to Preclude the defendant
from making any mention of Ms. Lopez's Pending
criminal charges in this court, they are not related
to this matter in any way. Tr. A-17, APP. B-7, also
Tr. B-54, APP. B-19.

   Petitioner claims it was illegal for trial court to
not allow this line of questing which would have
made known to the jury, the Prosecutor made a
deal with the testifying witness not to Prosecute
her on unrelated charges for her testimony against
the Petitioner. See.... Court Docket Sheet, APP. A-26.

PETITIONER claims it can be determined from the Victims Superior Court Criminal Docket Sheet, the Prosecution dropped charges against Ms. LaPen after her testimony. This information of a deal concerning other criminal should have been allowed to be presented to the jury, for general character or reputation of the witness, and to further disprove the very change before the court.

The trial court violated PETITIONERs 6th and 14th amendment right to a fair trial, due to limited cross-examination. See... Van Ausdall V. State, 486 A.2d 1, Del. Supr. (1984). The Supreme Court has consistently recognized that the exposure of a witness motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. See... Davis V. Alaska, 415 U.S. 308, 316, (1974). also see... Greene V. McElroy, 360 U.S. 474, 496, (1959), also see... Olden V. Kentucky, 488 U.S. at 231, 109 S.CT. at 483, Additionally, courts have made clean that the right to cross-examination "is particularly important when the witness is critical to the prosecution's case." See... United

(37)

STaTes V. Mizell, 88 F.3d 2x8, 293, 5$^{th}$ciu (1996). Counsel should be allowed Great laTiTude in cross-examining a witness reGarding his or her moTivaTion or incenTive To FalsiFy TesTimony, and This is esPecially so when cross examining a Person cooPeraTing wiTh The GovernmenT. See.... UniTed STaTes V. Hall, 653 F.2d 1002, 1008, (5$^{th}$ciu 1981).

Ms. Weeks-TaPPin: The Second moTion was in reGard To Ms. LoPek's STaTus as a menTal PaTienT aT The Delaware STaTe HosPiTal, and The STaTe would arGue her record has no relevance To This case. See TT. A-39, APP. B-14.

PeTiTioner claims The Trial JudGe should have allowed The hisTory oF The ProsecuTions STar witness, because The witness menTal healTh was exTremely unbalanced and since The Trial CourT allowed For a Known menTal HealTh PaTienT To TesTiFy wiTh There mandaTory commiTmenT To The Delaware STaTe HosPiTal, iTs The PeTiTioner PosiTion ThaT The CourT had The RiGhT To Know all The informaTion, or hisTory oF ThaT PaTienT.

PeTiTioner claims The credibiliTy oF The STaTe's Key wiTness was in QuesTion because her TesTimony

was the only Testimony linking the Petitioner to any crime exclusion of relevant evidence on grounds of Prejudice. Confusion or waste of time Rule 403. Determination of Probative Value within discretion of Trial Judge.

The determination of whether the Probative Value of a Particular Piece of evidence is substantially outweighed by the danger of unfair Prejudice is a matter which falls particularly within the discretion of the Judge, who has the First hand opportunity to evaluate Relevant Factors.

Trial court's admission of evidence Pursuant to this Rule and 404(b) will not be set aside by the Supreme Court of Delaware unless the Trial court has abused its discretion. Decision of the Trial court to exclude irrelevant evidence, or evidence that is more Prejudicial Than Probative, are clearly within the discretion accorded to Trial Judges on evidentiary matters.

Mr. Baumeister: Your Honor, at this time I just alerted the Court on what I anticipate going into on Cross-examination of Ms. Elizabeth Lopez, I have Provided the Prosecution

(39)

with copies of cards/letters and a money order that were sent to this defendant subsequent to his incarceration on these particular charges. And one or more of these letters were posted from the Delaware State Hospital. So I will be going into that at some point with Ms. Lopez about why she thinks she was there and what she was there for, because I think it goes directly to her credibility. APP. B-8.

Ms. Weeks-Tappin: Your Honor, the State would object to any reference by the defense of any stay at the Delaware State Hospital by the victim. The State believes that it is more prejudicial than it would be probative for this matter. APP. B-9.

Mr. Baumeister: Well, Your Honor, again, I think it does go to her credibility and her mental state particularly on the night of this incident between these parties. APP. B-9.

Mr. Baumeister: Well, Your Honor, I think it can be. We are going to be talking about cards/letters that she has been sending to the defendant subsequent to his arrest for these charges, and those cards, many of them,

(40)

WERE SENT FROM THE Delaware STATE HOSPITAL. AND THEY are
in FaCT, a liTTle on THE bizarre SiDE. So WE will bE
GoinG inTo Those ThinGs. APP. B-10.

PETiTioner claims THE Trial JudGE abuse his discretion
by limiTTinG Cross-ExaminaTion To exclude QuesTioninG
OF Three (3) mandaTory commiTments To THE Delaware
STaTE HospiTal oF THE STaTE's only EYE wiTNESS To
THE Crime. This denied PETiTioner a Fair Trial in
ViolaTion oF his 6th and 14th amendmenT RiGhTs.
ThereFore, PETiTioner's convicTion musT bE vacaTed
and Remand For a New Trial.

(41)

(D). Ground Four: Trial Judge abused his discretion when he excluded evidence of the defense that would have discredited the State's key witness credibility. This violated Petitioner 1.Th and 14th amendments to a Fair Trial.

Standard and Scope of Review

The State Court's decisions on abuse of Trial Judges discretion concerning excluding Favorable evidence of the defense were contrary to the United States Supreme Court decision in Schlup V. Delo, 513 U.S. 298 327, 115 SCT (1995). Petitioner claims during the course of these criminal Proceeding the victim was writing him sending him money, knowing there was a No-Contact order, Thereby violating Court's order.

The Letters and money order reciept were a essential eliment to the defense because this evidence went to the credibility of the witness, and her Truthfulness. Petitioner claims his Trial attorney Tried to introduce the cards / Letters and money receipts which were Favorable to the defense.

Mr. Baumeister: I will be showing Ms. Lopen cards lletters

(42)

She sent to Mr. Bordley after this particular event. I have provided copies of those to the state, and I believe they have reviewed those letters with Ms. Loper. See... TT B-53, APP. B-18.

The Court: Is the state going to be objecting to questions about these cards.

The Petitioner claims the Prosecutor objected to the admission of the evidence and moved to suppress the evidence of cards and money order receipt. Which were very favorable to the defense. This was a direct violation of petitioners 6th and 14th amendment rights to a fair trial. See... Moore v. Illinois. 408 U.S. 786, 794, 92S.CT(1972).

Ms Weeks-Tappan: Your Honor. The state would object to the relevance of any cards/letters that the victim may have written to the defendant. Because these letters became after the incident we are talking about on January 9th, 1998. These cards/letters, one is a money order and then there are some cards in there, and they are from May. I'm not sure what the date on the last one, but they look like they are from May of 1998, and the state would question the

(43)

RELEVANCE OF THESE CARDS. THERE IS NO INFORMATION IN HERE OF NO RECANTING OR ANYTHING THAT WOULD BE RELEVANT TO THIS TRIAL. T. B-54, APP. B-19.

THE COURT: I'M GOING TO REVIEW THOSE LETTERS BEFORE WE GET ON TO THEM, SHOULD I REVIEW THEM NOW.

THE COURT: WHAT IS THE RELEVANCE OF THESE CARDS. T. B-56 APP. B-20.

MR. BAUMEISTER: YOUR HONOR, THEY GO DIRECTLY TO HER PERCEIVED, I ASSUME, STATE OF MIND ON JANUARY 9th, 1998. IF, IN FACT, SHE WAS THAT AFRAID THAT THIS MAN WAS GOING TO KILL HER, THEN WHY DOES SHE WRITE THESE LETTERS SUBSEQUENTLY AND TELL HIM, ONE OF THEM SAY "TO MY FIRST LOVE, YOU WILL BE GETTING OUT PRETTY SOON. I'M SMOKING THESE NASTY ASS COPS .... WHATEVER THAT MEANS, FOR YOU AND ME." I'M NOT EXACTLY SURE WHAT SHE MEANS BY THAT, AND I WANT TO ASK HER ABOUT IT. IT SEEMS TO GO TO THE TRUTHFULNESS OF WHAT SHE WAS SAYING BACK ON JANUARY 9th, 1998. T. B-56-57, APP. B-20-21-22.

THE COURT: WELL, IT WOULD APPEAR TO ME THAT ANY RELEVANCE OF THESE CARDS/LETTERS, THESE ARE APRIL AND MAY -- IT WOULD APPEAR TO ME THAT ANY RELEVANCE OF THESE LETTERS IS MARGINAL.

at most. It would appear to me that they are just not sufficiently relevant to be admitted, and any possible relevance is offset under Rule 403. "I'm going to rule them inadmissible under Rule 403." TT. B-57-58, APP. B-21-22.

Mr. Baumeister: Your Honor, they go to her credibility. I mean, if you particularly take a look at the one that says, "To my first love, you will be getting out pretty soon. I am smoking these nasty ass cops for you and me," that goes directly to her credibility, Your Honor. And again, there is no prejudice to her. She's not a defendant in this case. She's merely a witness. TT. B-57, APP. B-21.

The Court: I do not see anything in those letters that has any bearing on her credibility to recount the events of January 9th, 1998.

The Court: Well, I'm making evidentiary rulings, Mr. Lassen. So you just bear with us here. I rule them inadmissible under Rule 403. TT. B-58, APP. B-22.

Mr. Baumeister: "I take strong exception to the Court's ruling". Petitioner claims the trial judge abused his discretion by not allowing favorable evidence of the defense.

(45)

The evidence of cards/letters, and money order receipt
were a direct part of this case and should have been
admitted into evidence, because the witness did take the
stand and therefore was fair game, dealing with her
credibility and truthfulness. See...Williams V. Washington, 59 F.3d 1673(1995).
Petitioner claims the Judge violated the laws of Delaware
under title 11 § 3507 (a) and (b) which clearly is an abuse
of discretion do to the violation of Delaware Laws.

The victim continued to violate known court orders
as noted from her testimony concerning the "no contact"
order entered into evidence. T.B-30. There's also comments
the victim made that she didn't write no letters while
she was at the Delaware State Hospital. See...T.B-56, APP.R-26.

Petitioner claims the determination of Rule 403, of
relevancy of evidence. and unfair prejudice are matters
within the bounds of discretion of the trial court and
will not be reversed unless in the absence of clear abuse
of discretion. What's important under title 11 § 3507
(a) and (b) is the use of prior statements as affirmative
evidence. Petitioner claims the victim has a history

(46)

OF Changing her STORY and Telling The Prosecutor one Thing and Telling The PETITIONER something Totally diffrant, which can be determined by This Court.

PETITIONER Claims The cards/Letters and money order reciept contradicted Ms. ELizabeth Loper sworn TESTIMONY that She wanted "no-Contact" with The defendant. This was a matter which should have been left up to The Jury For deliberation because OF The character REFERENCE which The defense attorney was Trying To Present OF The WITNESS. See... Sumner V. Mata, 449 U.S. 539, 546-47, 101 S. Ct. 764, 769. 66 L. Ed. 2d 722 (1981).

This Court should REVERSE This CASE and allow cards/Letters. money order RECEIPT To be Presented To The Jury due To The Violation OF PETITIONER's 6th and 14th amendment RIGHTS.

PETITIONER claims since Trial Court allowed The Prosecution To MENTION something about The PETITIONER violating a no contact order, it was illegal and Very Presudicial To Rule The cards/Letters and money order RECEIPT inadmissable, because They are Proof The victim Violated

The no-Contact order. Petitioner claims a Violation of his 6th and 14th amendment Rights To Equal Protection. Equal Protection clause Requires That all Persons be Treated alike under like circumstances and conditions both in Privileges Conferred and liabilities imposed. See... Priest V. State, 227 A.2d 576 (Supreme Court of Del. 1967). Petitioner claims a Gross miscarriage of Justice and humbly Request This Honorable Court To Reverse and Remand This case For a New Trial in The interest of Justice due To The Violation of his 6th and 14th amendment Rights.

## Conclusion

Wherefore, Petitioner Gregory A. Bordley Pro-Se humbly Pray's This Honorable Court To Grant This Writ of Habeas Corpus and Reverse and Remand This case with order directing The lower Court of The State of Delaware To Vacate or Set aside This illegal conviction, Thereby Granting Petitioner a New Trial and discharging The Petitioner due To The Violation of Petitioner's 5th, 6th and 14th amendment Rights.

Gregory A. Bordley

Gregory L. Bordley

D.C.C.

1181 Paddock Road

Smyrna, Delaware 19977

May 17, 2005

## Certificate of Service

I, _Gregory A. Bordley_, hereby certify that I have served a true and correct cop(ies) of the attached: _Writ Of Habeas Corpus and Memorandum Of Law_ upon the following parties/person (s):

TO: _District Court Clerk_
_U.S. District Court_
_844 N. King St._
_Lockbox 18_
_Wilm. Delaware 19801_

TO: _District Attorney's Office_
_Dept Of Justice_
_820 N. French St._
_Wilm. Delaware 19801_
_____

TO: _____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _17_ day of _May_, 2005

_____



U.S.POSTAGE 3.95

DiStRict CouRt Clerk
U.S.DiStRict Court
844 N. KinG STReeT
Lockbox 18 WilminGTon, Delaware
19801

IM GReGoRY A. Boardley
SBI# 00155816    UNIT D West
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S.
X-RAY