In The United States District Court For
The District of Delaware

Gregory A. Boardley          x

v.                           x   P.C.A. No.

                             x          05- 315

Thomas Carroll, D.C.C.       x

Warden and M.J. Brady        x

Cheif Attorney General       x

FILED

MAY 19 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Appendix In Support of Petitioner's
Writ of Habeas Corpus

May 17, 2005

Gregory A. Boardley

Gregory A. Boardley
D.C.C.
1181 Paddock Road
Smyrna, Delaware 19977

# Table OF ConTenTS

Suprem Court Decision on DiRect aPPeal No. 79,
2000, DaTed october 25, 2000. . . . . . . . . . . . . . . . . . A-1-2

Superior Court Decision on aPPeal, Rule 61
DaTed SePTember 30, 2002. . . . . . . . . . . . . . . . A-3-5

SuPreme Court Decision on aPPeal OF Rule 61
No. 596, 2002, DaTed APril 1ST, 2003. . . . . . . . A-6-9

SuPerior CourT order on Rearqument DaTed
AuGuST 29, 2003. . . . . . . . . . . . . . . . . . . . A-10-11

SuPreme CourT Decision on Rearqument aPPeal
No. 482, 2003, DaTed June 30, 2004. . . . . . . . . A-12-13

LeTTer From Mr. BaumeiSTer To DiSTricT ATTorney
Andrew Vella, noT eligible For HabiTual offenders...A-14

Plea AGreemenT DaTed December 30, 1998. . . . A-15

SuPerion CourT DockeT SheeT of GreGory A. Bardley. A-16-25

SuPerior CourT DockeT SheeT of ElizabeTh LaPer. . . . . . A-26-29

Denied Favourable Evidence, Cards / LeTTers and
Money order ReceiPTS. . . . . . . . . . . . . . . . . A-30-35

# Table of Contents

Mr. Baumeister's Negligence of Status of Case ... B-1

Petitioner not Eligible For Habitual Offender ... B-3

Mr. Richard Baumeister unPrepare For Trial ... B-4

Mr. Baumeister Conflict of Interest ... B-5

Defense Request For Continuance ... B-6

State's Motion To Exclude any mention of M.S. LoPer Criminal Charges and Stay at The Delaware State HosPital ... B-7

Baumeister Conflict of Interest and being unPrepare ... B-8

Denied Continuance ... B-9

Three Commitment To Delaware State HosPital ... B-10

Victim ComPetence To Testify ... B-11

Victim Credibility ... B-12

ImPeachable Evidence, Delaware State HosPital Record ... B-13

Victim Charges and State of mind ... B-14

Victim incomPetent To Testify ... B-15

State's Motion To Exclude mr. Baumeister From mentioning anything about Victim being a mental Patient. B-16

Denied Continuance of Trial ... B-17

# Table of Contents

Introduction of Cards/Letter money order Receipt...B-18

Abdection To Evidence . . . . . . . . . . . . . .B-19

Credibility of Letter and Perjury . . . . . . . .B-2A

Trial Court Ruling inadmissable of Evidence ...B-21

Inadmissible under Rule 403 . . . . . . . . . . .B-22

Admission of No-Contact order against Petitioner...B-23

763 A.2d 90 (Table)
Unpublished Disposition

Page 3

(Cite as: 763 A.2d 90, 2000 WL 1626987 (Del.Supr.))

(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')

Supreme Court of Delaware.

Gregory A. BORDLEY, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 79,2000.

Submitted Aug. 22, 2000.
Decided Oct. 25, 2000.

Court Below: Superior Court of the State of Delaware in and for Kent County, Cr.A. Nos. IK98-01-0264 through 0267.

Before VEASEY, Chief Justice, HOLLAND and BERGER, Justices.

ORDER

**1 This 25th day of October, 2000, upon consideration of the briefs of the parties, it appears to the Court that:

(1) Gregory A. Bordley appeals from his conviction, following a jury trial, of first degree burglary. [FN1] He argues that he did not cause physical injury to anyone "in" a dwelling, since the assault took place outside the victim's dwelling on the front porch. We do not decide this issue because the error, if any, did not affect Bordley's sentence and, therefore, was harmless.

FN1. Bordley also was convicted of third degree assault and criminal mischief, but he did not appeal those convictions.

(2) At about 1:30 a.m. on the day of the incident, Bordley called his girlfriend, Elizabeth Loper, and told her he was coming over to her house. She told him not to, and reminded him that a no-contact order had been entered against him. About one half hour later, Loper heard Bordley banging on her front door and calling her name. While Loper was trying to call the police, Bordley kicked the door in and started walking through one side of the house. Loper ran through a different part of the house out to the front

porch. As Bordley was chasing Loper, he said, "I'm going to kill you." Bordley caught up with Loper on the porch and punched her in the face.

(3) To convict him of first degree burglary, the State had to prove that Bordley "knowingly [entered] or [remained] unlawfully in a dwelling at night with intent to commit a crime therein, and ... when in the dwelling ... [caused] physical injury to [Loper]." [FN2] Bordley's only argument on appeal is that the front porch, which is where the assault took place, is not "in the dwelling." In this case, however, it makes no difference whether Bordley is correct because he is subject to a mandatory life sentence as an habitual offender even if the conviction is reduced to second degree burglary.

FN2. 11 Del. C. § 826(2).

(4) To convict him of second degree burglary, the State had to prove that Bordley "knowingly [entered] or [remained] unlawfully ... in a dwelling with intent to commit a crime therein...." [FN3] By finding Bordley guilty of first degree burglary, the jury must have concluded that he knowingly entered Loper's home unlawfully with the intent to commit a crime. Thus, if Bordley's argument about the porch is correct, the first degree burglary conviction would be modified to the lesser offense of second degree burglary. [FN4]

FN3. 11 Del. C. § 825(1).

FN4. Porter v. State, Del.Supr., 243 A.2d 699 (1968).

(5) Bordley was sentenced as an habitual offender to life in prison. Pursuant to 11 Del.C. § 4214(b), a person who has been convicted of two prior felonies must be sentenced to life upon a third conviction if the third conviction is for any of the felonies listed in the statute. Both first and second degree burglary are included in the list. As a result, Bordley's sentence would be the same if his conviction were modified to second degree burglary, and the error, if any, was harmless beyond a reasonable doubt.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.

763 A.2d 90 (Table), 2000 WL 1626987 (Del.Supr.),

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

App-1

EXHIBIT D

763 A.2d 90 (Table)
(Cite as: 763 A.2d 90, 2000 WL 1626987, **1 (Del.Supr.))

Unpublished Disposition

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

A- 2

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE          )
                           )  IK98-01-0264-R1
        v.                 )  IK98-01-0266 - 0267-R1
                           )
GREGORY A. BORDLEY         )
ID. No. 9801004118         )
                           )
              Defendant.   )

*Submitted: June 30, 2002*
*Decided: September 30, 2002*

John R. Garey, Esq., Dover, Delaware. Attorney for the State.

Gregory A. Bordley, *pro se.*

*Upon Consideration of Defendant's*
*Motion For Postconviction Relief*
*Pursuant to Superior Court Criminal Rule 61*
**DENIED**

**VAUGHN, Resident Judge**

ORDER

Upon consideration of defendant's Motion for Postconviction Relief, the Commissioner's Report and Recommendation, Memorandum From Defendant Regarding Newly Discovered Evidence, and the record in this case, it appears:

1. The defendant was found guilty by a jury of Burglary in the First Degree, 11 *Del. C.* § 826; Assault in the Third Degree, 11 *Del. C.* § 611; and Criminal

Exhibit A - 3



*State v. Gregory A. Brodley*
ID. No. 9801004118
September 30, 2002

Mischief, 11 *Del. C.* § 811.

2.   On January 11, 1999, defense counsel filed a motion for judgment of acquittal or for a new trial which was denied by the Court. The State filed a motion to declare the defendant a habitual offender and on February 11, 2000, the defendant was declared a habitual offender and sentenced to life in prison.   The defendant then appealed to the Delaware Supreme Court which subsequently affirmed the defendant's conviction and sentence.   The defendant then filed the current motion for postconviction relief and an amended motion.

3.   In his motions the defendant raised the following grounds for relief; 1) Ineffective assistance of counsel - conflict of interest; 2) Trial Judge Abuse (sic) his diseretion (sic); 3) Indictment was defective and violated the defendant (sic) 5th Amendment; 4) Habitual offender status 4214(b); and 5) Selective and vandictive (sic) prosecution.   In his amended motion the defendant raised the following additional grounds for relief; 6) Ineffective assistance of counsel; 7) Movant's trial was ineffective; 8) Trial judge abused his discretion; and 9) Insufficient evidence to establish habitual offender status.

4.   The Motion for Postconviction Relief was referred to the Court Commissioner Andrea M. Freud for proposed findings and recommendation pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 61.

5. Commissioner Frued determined that each of the defendant's grounds for relief were based upon allegations of ineffective assistance of counsel and that he

2

A-4

*State v. Gregory A. Brodley*
ID. No. 9801004118
September 30, 2002

failed to substantiate any concrete allegations of prejudice which he suffered as a result of his representation. The defendant's third ground for relief, which was raised on direct appeal to the Delaware Supreme Court, was found to be meritless and is therefore barred by Rule 61(i)(4) as formerly adjudicated. Thus, the Commissioner recommended that the defendant's motion be dismissed as procedurally barred by Rule 61(i)(3) and (4) for failure to prove cause and prejudice and as previously adjudicated.

6.    A copy of the Commissioner's report dated April 18, 2002 is attached hereto. The defendant filed Memorandum Regarding Newly Discovered Evidence with the Court on June 28, 2002.

NOW, THEREFORE, IT IS ORDERED that:

a.    Having conducted a *de novo* review of the proceedings I adopt the well-reasoned Commissioner's Report and Recommendation;

b.    The defendant's Motion for Postconviction Relief is *denied.*

_____
Resident Judge

oc:    Prothonotary
cc:    Hon. Andrea M. Freud
       John R. Garey, Esq.
       Gregory A. Bordley
       File

3

A-5

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GREGORY A. BORDLEY, | § | |
| | § | No. 596, 2002 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware, in |
| v. | § | and for Kent County in IK98- |
| | § | 01-0264-R1, 0266-0267-R1. |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below | § | |
| Appellee. | § | Def. ID No. 9801004118. |

Submitted: December 27, 2002
Decided:   April 1, 2003

Before **VEASEY**, Chief Justice, **WALSH** and **STEELE**, Justices.

### O R D E R

This 1st day of April 2003, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1)   This is an appeal by Gregory Bordley following the Superior Court's denial of his motion for postconviction relief. The State of Delaware has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Bordley's opening brief that the appeal is without merit. We agree and affirm.

A - 6

(2)    Following a jury trial in the Superior Court, Gregory Bordley was convicted of Burglary in the First Degree, Assault in the Third Degree, and Criminal Mischief. Bordley was declared to be an habitual offender and was sentenced to life in prison.[1] By Order dated October 25, 2000, this Court affirmed Bordley's conviction and sentence.[2]

(3)    In June 2001, Bordley filed a motion for postconviction relief pursuant to Superior Court Criminal Rule 61. Bordley filed an amended motion in July 2001. The Superior Court referred Bordley's motion and amended motion to a Superior Court Commissioner, who issued a report dated April 18, 2002, finding that Bordley's nine claims were either procedurally barred or were without merit. By order dated September 30, 2002, the Superior Court adopted the Commissioner's findings and recommendations and denied Bordley's motion for postconviction relief. This appeal followed.

(4)    In his opening brief on appeal, Bordley raises six claims, some of which overlap with the nine claims that Bordley raised in the Superior

---

[1]Del. Code Ann. tit 11, § 4214(b) (2001).

[2]*Bordley v. State*, 2000 WL 1626987 (Del. Supr.).

2

A-7

Court. To the extent Bordley has not briefed his other postconviction claims, those claims are deemed waived and abandoned on appeal.[3]

(5)    On appeal, Bordley claims that his trial and appellate counsel provided ineffective assistance of counsel when: (i) trial counsel failed to adequately prepare for trial; (ii) trial counsel did not know whether or not the State properly could request a jury instruction on the lesser-included offense of Burglary in the Second Degree; (iii) trial counsel failed to present a defense; and (iv) appellate counsel failed to raise a meritorious claim on appeal. Bordley also claims that the Superior Court abused its discretion when it failed to grant the defense's request for a trial continuance and when it denied Bordley the right to confront the witnesses against him.

(6)    Having carefully considered the parties' respective positions, we find it manifest that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's decision dated September 30, 2002 that adopted the Commissioner's well-reasoned report and recommendation. The Superior Court properly denied Bordley's postconviction claims as procedurally barred and/or as without merit. We agree that Bordley's claims

---

[3]*Murphy v. State*, 632 A.2d 1150, 1152 (1993).

3

A - 8

do not warrant reconsideration[4] or application of the exception to the procedural bar.[5]

(7)    It is manifest on the face of Bordley's brief that the appeal is without merit. The issues raised on appeal are clearly controlled by settled principles of law, and there was no error of law. To the extent the appeal presents issues of judicial discretion, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Chief Justice

---

[4]Super. Ct. Crim. R.  61(i)(4).

[5]Super. Ct. Crim. R.  61(i)(5), 61(i)(3).

A-9

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

STATE OF DELAWARE        )
                             )
          v.                )
                             )
GREGORY A. BORDLEY     )
ID. No. 9801004118        )
                             )
                Defendant.   )

## ORDER

This 29th day of August, 2003, it appears that:

1. By order dated September 30, 2002, this Court signed an order denying the defendant's motion for postconviction relief. The defendant had raised nine claims, all of which were denied.

2. On October 17, 2002, the defendant filed a motion asking this Court to reconsider its September 20, 2002 order.

3. On or about October 29, 2002, the defendant filed a timely appeal of this Court's September 30, 2002 order in the Supreme Court.

4. The filing of the appeal in the Supreme Court divested this Court of jurisdiction of the case during the pendency of the Supreme Court appeal. Therefore, the motion for reconsideration was deferred.

5. On April 1, 2003, the Supreme Court affirmed this Court's September 20, 2002 order. The Supreme Court noted that the defendant raised six claims in his appeal, some of which overlapped with the nine claims raised in this Court. It

1

A-10
Exhibit (E)

*State v. Gregory A. Bordley*
ID. No. 9801004118
August 29, 2003

further noted that to the extent the defendant did not brief his other postconviction claims, they were deemed waived and abandoned.

6. The defendant supplemented his motion for reconsideration with a letter dated June 22, 2003.

7. It would not be proper for this Court to reconsider issues which the Supreme Court has now either expressly or impliedly addressed on appeal. Therefore, the defendant's motion for reconsideration is *denied*.

8. The defendant has also filed a motion for appointment of counsel and a motion for transcripts. These were filed on May 5, 2003 and July 3, 2003, respectively. Since the Supreme Court has decided his appeal and this case is now closed, these requests are also *denied*.

Resident Judge

oc:  Prothonotary
cc:  Department of Justice
     Mr. Gregory A. Bordley
     File

2

A-11

affirmed Bordley's convictions and sentences on direct appeal.[1]    Thereafter, Bordley filed a motion seeking postconviction relief, which the Superior Court denied on September 30, 2002. Bordley filed a motion for reconsideration. Before the Superior Court could rule on his motion, Bordley filed a notice of appeal in this Court from the September 30, 2002 order. Because the pending appeal divested the Superior Court of jurisdiction to act on the motion for reconsideration, the Superior Court informed Bordley that it would defer any further action in the case while the appeal was pending. On April 1, 2003, this Court affirmed the Superior Court's order denying postconviction relief.[2]    On August 29, 2003, the Superior Court denied the motion for reconsideration. This appeal followed.

(3)    Having carefully considered the parties' respective positions, we find it manifest that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned decision dated August 29, 2003.    The Superior Court found that Bordley's claims were either raised or could have been raised in his appeal to this Court. The Superior Court did not err in holding that this Court's decision on appeal constituted the law of the case and that reconsideration of Bordley's claims was not warranted in the interest of justice.[3]

---

[1] *Bordley v. State*, 2000 WL 1626987 (Del. Oct. 25, 2000).

[2] *Bordley v. State*, 2003 WL 1824841 (Del. Apr. 1, 2003).

[3] *See Weedon v. State*, 750 A.2d 521, 527-28 (Del. 2000).

affirmed Bordley's convictions and sentences on direct appeal.[1]    Thereafter, Bordley filed a motion seeking postconviction relief, which the Superior Court denied on September 30, 2002. Bordley filed a motion for reconsideration. Before the Superior Court could rule on his motion, Bordley filed a notice of appeal in this Court from the September 30, 2002 order. Because the pending appeal divested the Superior Court of jurisdiction to act on the motion for reconsideration, the Superior Court informed Bordley that it would defer any further action in the case while the appeal was pending. On April 1, 2003, this Court affirmed the Superior Court's order denying postconviction relief.[2]    On August 29, 2003, the Superior Court denied the motion for reconsideration. This appeal followed.

(3)    Having carefully considered the parties' respective positions, we find it manifest that the judgment of the Superior Court should be affirmed on the basis of the Superior Court's well-reasoned decision dated August 29, 2003.    The Superior Court found that Bordley's claims were either raised or could have been raised in his appeal to this Court. The Superior Court did not err in holding that this Court's decision on appeal constituted the law of the case and that reconsideration of Bordley's claims was not warranted in the interest of justice.[3]

---

[1] *Bordley v. State*, 2000 WL 1626987 (Del. Oct. 25, 2000).

[2] *Bordley v. State*, 2003 WL 1824841 (Del. Apr. 1, 2003).

[3] *See Weedon v. State*, 750 A.2d 521, 527-28 (Del. 2000).

2

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Chief Justice

A-13





## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### 530 S. STATE STREET, SUITE 108
### DOVER, DELAWARE 19901

**LAWRENCE M. SULLIVAN**
**PUBLIC DEFENDER**

**RICHARD M. BAUMEISTER**
**ASSISTANT PUBLIC DEFENDER**

**ANGELO FALASCA**
**CHIEF DEPUTY**

**TELEPHONE**
**(302) 739-4476**

August 26, 1998

Andrew Vella, DAG
Department of Justice
Sykes Building
Dover, DE 19901

    RE:  <u>Gregory Bordley ID# 9801004118</u>

Dear Andrew:

    After reviewing Mr. Bordley's above-captioned case I have discovered that he is not eligible for Criminal Habitual Offender status.

    I have enclosed the Criminal Court docket from Mr. Bordley's case in November of 1986. The Court docket indicates that Mr. Bordley was convicted of Criminal Trespass. This charge is not considered a felony. Therefore I am requesting that you reconsider the status of this case.

                Very truly yours,

                RICHARD M. BAUMEISTER, ESQUIRE
                Assistant Public Defender

RMB/msc

enc.    <u>DATE, 7-26-00</u>

         COMMISSION EXPIRES
         04/19/2002

                                 GREGORY A. BORDLEY
                                 <u>Gregory A. Bordley</u>

A-14

Superior Court of the State of Delaware, _Kent_ County

## PLEA AGREEMENT

State of Delaware v. _Gregory Bordley_

Case No(s): _980100411 P_ Cr.A.#s: _IK98-01-0264 through 0267_

☐ Title 11HAB. OFFENDER _____    ☐ BOOT CAMP ELIGIBLE    ☐ INELIGIBLE
☑ RULE 11(e)(1)(C) – If out of guideline, reason is as follows: _____
☐ Title 11, §4336, sex offender notification required    ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge | [LIO if applicable] |
|-------|--------|--------|---------------------|
| 1 | IK98-01-0264 | Burglary I | |
| | | | |
| | | | |
| | | | |
| | | | |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☑ all remaining charges on this indictment:

| Count | Cr.A# | Charge |
|-------|-------|--------|
| | | |
| | | |
| | | |

**Sentence Recommendation/Agreement:** ☐ PSI ☑ Immediate Sentencing

_Four_ ~~two~~ _years at Level V suspended after two years with credit for time served followed by one year at Level IV [HC] followed by one year at Level III._

**State and Defendant agree to the following:**
☑ Restitution: _as per PSI memo._
☑ No _____ contact w/ _Elizabeth Lopez_
☑ Other Conditions:
① _Defendant will be evaluated for mental health counseling._
② _Defendant will participate in domestic violence counseling._

DAG: _Denise Weeks-Tappan_
PRINT NAME

_[signature]_
SIGNATURE

DEF. COUNSEL: _____
PRINT NAME

_____
SIGNATURE

DEFENDANT: _____

Date: _12/30/98_

_A-15_

Page    of

XC: Attorney for Defendant, Defendant
Attorney General, Attorney General Worksheet

SUPERIOR COURT CRIMINAL DOCKET                    Page    1
( as of  09/23/2002 )

State of Delaware v.  GREGORY A BORDLEY                    DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.      AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.       GREGORY BORDLEY


Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 9801004118 | IK98010264R1 | BURGLARY 1ST | TG | 01/07/1999 |
| 002 | 9801004118 | IK98010265 | TERROR THREAT | TNG | 01/07/1999 |
| 003 | 9801004118 | IK98010266R1 | ASSAULT 3RD | TG | 01/07/1999 |
| 004 | 9801004118 | IK98010267R1 | CRIM MISC <1000 | TG | 01/07/1999 |
| 005 | 9801004118 | K98010268 | NON COMP BOND | NOLP | 02/02/1998 |

| No. | Event Date | Event | Judge |
|-----|------------|-------|-------|
| 1 | 01/16/1998 | CASE ACCEPTED IN SUPERIOR COURT. ARREST DATE: 01/09/98 PRELIMINARY HEARING DATE: 01/16/98 BAIL: HELD ON SECURED BAIL        7200.00 | FREUD ANDREA MAYBEE |
| 2 | 01/28/1998 | . NOTICE OF SERVICE - DISCOVERY RESPONSE. | |
| 3 | 02/02/1998 | INDICTMENT, TRUE BILL FILED. | |
| 4 | 02/11/1998 | MOTION FOR REDUCTION OF BAIL FILED. _____ FILED BY RICHARD BAUMEISTER. | FREUD ANDREA MAYBEE |
| 5 | 02/12/1998 | ARRAIGNMENT CALENDAR - 10-B BY VIDEO - DEFENDANT WAIVED READING, PLEAD NOT GUILTY, JURY TRIAL DEMANDED | FREUD ANDREA MAYBEE |
| 6 | 02/13/1998 | MOTION FOR REDUCTION OF BAIL PASSED._DEF. IN ANOTHER COURT. CONTINUED UNTIL 2/26/98 | FREUD ANDREA MAYBEE |
| 7 | 02/23/1998 | CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 3/9/98 | RIDGELY HENRY DUPONT |
| 8 | 02/26/1998 | MOTION FOR REDUCTION OF BAIL DENIED. | FREUD ANDREA MAYBEE |
| 9 | 03/09/1998 | FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 6/3/98. | RIDGELY HENRY DUPONT |
| 10 | 04/07/1998 | SUBPOENA(S) ISSUED. | |
| 11 | 04/27/1998 | MOTION TO PROCEED PRO SE FILED. | |
| 12 | 05/01/1998 | | RIDGELY HENRY DUPONT |

A-16

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                        ( as of  09/23/2002 )

State of Delaware v.  GREGORY A BORDLEY                  DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.      AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.       GREGORY BORDLEY


      Event
No.   Date            Event                          Judge
-----------------------------------------------------------------------------
      MOTION TO PROCEED PRO SE GRANTED.
      RICHARD BAUMEISTER IS STANDBY COUNSEL.
13    05/20/1998                             RIDGELY HENRY DUPONT
      CONTINUANCE REQUEST FILED BY RICHARD BAUMEISTER, ESQ.; GRANTED BY
       JUDGE RIDGELY; DEFENSE ATTORNEY ON VACATION; CONTROL ONLY
14    06/03/1998                             COOCH RICHARD R.
      TRIAL CALENDAR-CONTINUED 10/5/98. DEFENSE REQUEST.
      ATTORNEY UNAVAILABLE.
15    07/28/1998
      MOTION FOR REDUCTION OF BAIL FILED.
16    07/28/1998                             FREUD ANDREA MAYBEE
      MOTION FOR REDUCTION OF BAIL FILED - PRO-SE.
17    07/30/1998                             FREUD ANDREA MAYBEE
      MOTION FOR REDUCTION OF BAIL DENIED.
18    08/12/1998
      COPY OF DOCKET REQUESTED AND SENT.
19    09/24/1998
      SUBPOENA(S) ISSUED.
20    10/01/1998                             SILVERMAN FRED S.
      FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 10/5/98
21    10/05/1998                             CARPENTER WILLIAM C. JR.
      TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST.
      DEFENSE ATTY. IN TRIAL. CONTINUED FOR TRIAL 1/5/98. FINAL CASE REVIEW
      12/30/98.
22    10/09/1998
      MOTION FOR REDUCTION OF BAIL FILED BY DEFENDANT.
23    10/09/1998                             FREUD ANDREA MAYBEE
      MOTION FOR REDUCTION OF BAIL FILED._FILED BY GREGORY BORDLEY.
24    10/28/1998                             FREUD ANDREA MAYBEE
      MOTION FOR REDUCTION OF BAIL DENIED.
25    11/03/1998
      MOTION TO PROCEED PRO SE FILED.
26    11/13/1998                             GEBELEIN RICHARD S.
      MOTION TO PROCEED PRO SE PASSED.
27    11/20/1998                             RIDGELY HENRY DUPONT
      MOTION TO PROCEED PRO SE WITHOUT STAND-BY COUNSEL. DENIED.
28    12/16/1998
      DEFENDANT'S LETTER IN REFERENCE TO SUBPOENA FILED.
29    12/21/1998
      SUBPOENA(S) ISSUED.
30    12/30/1998                             VAUGHN JAMES T. JR.
      FINAL CASE REVIEW - DEFENDANT REJECTED FINAL PLEA OFFER.  SET FOR
```

A-17

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    3
                      ( as of  09/23/2002 )

State of Delaware v.  GREGORY A BORDLEY                   DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.      AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.       GREGORY BORDLEY

       Event
No.    Date           Event                        Judge
-----------------------------------------------------------------------------
       TRIAL 01/05/99.
31     01/05/1999                      RIDGELY HENRY DUPONT
       TRIAL CALENDAR-JURY TRIAL WENT TO TRIAL. JURY PICKED BUT NOT SWORN.
       JURY SWORN ON 1/6/99.
32     01/06/1999                      VAUGHN JAMES T. JR.
       ORDER: IT IS ORDERED THAT THE DELAWARE STATE HOSPITAL SHALL RELEASE
       TO A REPRESENTATIVE OF THE DEPARTMENT OF JUSTICE, IN A CLOSED
       ENVELOPE, FOR DELIVERY TO SUPERIOR COURT, A COPY OF ANY AND ALL
       RECORDS, NOTES OR REPORTS REGARDING ELIZABETH LOPER WHO IS A
       WITNESS IN A TRIAL CURRENTLY BEFORE THE KENT COUNTY SUPERIOR COURT.
33     01/07/1999                      VAUGHN JAMES T. JR.
       JURY TRIAL HELD 1/5, 1/6, 1/7/99. JURY FOUND THE DEFENDANT GUILTY AS
       TO ALL CHARGES. BOND REVOKED. PSI ORDERED. S/DENISE WEEKS-TAPPAN, D/
       RICHARD BAUMEISTER, CR/J. WASHINGTON, CC/R. MANCHESTER.
34     01/11/1999
       MOTION FOR JUDGMENT OF ACQUITTAL NOTWITHSTANDING THE VERDICT OF THE
       JURY OR IN THE ALTERNATIVE FOR NEW TRIAL FILED. (BAUMEISTER)
35     01/15/1999
       AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED IN FORMA PAUPERIS
       AND REQUEST FOR TRANSCRIPT FILED.
36     01/26/1999                      VAUGHN JAMES T. JR.
       ORDER: IT IS ORDERED THAT THE VICTIM'S PSYCHIATRIC RECORDS WILL BE
       SEALED AND THE DEFENDANT'S MOTION IS DENIED.
37     01/26/1999
       REFERRAL MEMORANDUM.
38     02/16/1999
       MOTION TO DECLARE DEFENDANT AN HABITUAL OFFENDER FILED. (D. WEEKS-
       TAPPAN)
39     02/26/1999                      VAUGHN JAMES T. JR.
       SENTENCING CALENDAR, SENTENCING CONTINUED.
40     03/25/1999
       DEFENDANT'S LETTER FILED.
41     03/29/1999                      VAUGHN JAMES T. JR.
       ORDER: IT IS ORDERED THAT: 1) THE DEFENDANT'S ATTORNEY SHALL FILE
       AN OPENING BRIEF WITH THE PROTHONOTARY SETTING OUT HIS ARGUMENT ON
       OR BEFORE FRIDAY, APRIL 16, 1999. 2) THE DEPARTMENT OF JUSTICE SHALL
       FILE AN ANSWERING BRIEF WITH THE PROTHONOTARY IN RESPONSE TO THE
       DEFENSE'S OPENING BRIEF ON OR BEFORE FRIDAY, MAY 7, 1999. 3. ANY
       REPLY BRIEF SHALL BE FILED WITH THE PROTHONOTARY ON OR BEFORE
       MONDAY, MAY 17, 1999.
42     04/06/1999
       REFERRAL MEMORANDUM.
```

A-18

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page    4
                       ( as of  09/23/2002 )
```

State of Delaware v.  GREGORY A BORDLEY                    DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.      AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.       GREGORY BORDLEY

```
       Event
No.    Date          Event                          Judge
---------------------------------------------------------------------------
43   04/16/1999
     DEFENDANT'S LETTER FILED.
44   05/05/1999                           VAUGHN JAMES T. JR.
     ORDER: IT IS SO ORDERED THAT:
     1) THE DEFENDANT'S ATTORNEY SHALL FILE AN OPENING BRIEF WITH THE
     PROTHONOTARY SETTING OUT HIS ARGUMENT ON OR BEFORE THURSDAY, MAY 13,
     1999.
     2) THE DEPARTMENT OF JUSTICE SHALL FILE AN ANSWERING BRIEF WITH THE
     PROTHONOTARY IN RESPONSE TO THE DEFENSE'S OPENING BRIEF ON OR BEFORE
     THURSDAY, JUNE 3, 1999.
     3) ANY REPLY BRIEF SHALL BE FILED WITH THE PROTHONOTARY ON OR BEFORE
     MONDAY, JUNE 14, 1999.
45   05/13/1999
     LETTER FROM RICHARD M. BAUMEISTER, ESQ. TO JUDGE VAUGHN
     RE: REQUESTING BRIEFING SCHEDULE AGAIN BE AMENDED IN ORDER TO GIVE THE
     COURT REPORTER ENOUGH TIME TO COMPLETE THE TRANSCRIPTS (AT LEAST TWO
     MONTHS).
46   05/18/1999
     LETTER FROM JUDGE VAUGHN TO RICHARD BAUMEISTER, ESQ.
     RE: THE DEFENSE MAY HAVE UNTIL THIRTY DAYS FROM THE DATE THE
     TRANSCRIPT IS COMPLETED IN WHICH TO FILE ITS BRIEF.  THE STATE MAY
     THEN HAVE THIRTY DAYS IN WHICH TO RESPOND.  THE DEFENSE MAY HAVE AN
     ADDITIONAL TEN DAYS IN WHICH TO FILE A REPLY.
     IT IS SO ORDERED. /S/JUDGE JAMES T. VAUGHN JR.
47   06/03/1999                           VAUGHN JAMES T. JR.
     TRANSCRIPT OF TRIAL TESTIMONY FILED VOLUME A & B BY COURT REPORTER
     JENNIE WASHINGTON.
48   07/02/1999
     DEFENDANT'S OPENING BRIEF AND APPENDIX FILED.
49   07/21/1999
     DEFENDANT'S LETTER FILED RE: TRANSCRIPT PREPARATION.
50   07/27/1999
     LETTER (E-MAIL) FROM DEBRA MAULL.  STATE ASKED FOR AN EXTENSION AND
     IT WAS GRANTED BY JUDGE VAUGHN.  THE STATE HAS AN ADDITIONAL TWO WEEKS
     FROM AUGUST 2.
51   08/16/1999
     STATE'S ANSWERING BRIEF & APPENDIX FILED.
52   09/30/1999
     DEFENDANT'S LETTER RE: INQUIRIES SENT TO HIS ATTORNEY RICHARD BAUMEIST
     ER, ESQUIRE.
53   10/18/1999
     LETTER FROM PARALEGAL OFFICE TO RICHARD BAUMEISTER, ESQUIRE
```

A-19

```
                    SUPERIOR COURT CRIMINAL DOCKET            Page    5
                       ( as of  09/23/2002 )

State of Delaware v.  GREGORY A BORDLEY                  DOB: 01/30 1961
State's Atty: FRANCIS E FARREN , Esq.     AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.      GREGORY BORDLEY

       Event
No.    Date          Event                              Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
       RE: DEFENDANT'S LETTER WRITTEN TO DENISE WEEKS-TAPPAN, ESQUIRE, RECEIV
       ED BY THE COURT.  FORWARDED TO DEFENSE COUNSEL.
54     10/20/1999
       LETTER FROM R. BAUMEISTER, ESQUIRE, TO JUDGE VAUGHN
       RE:  DEFENDANT WILL NOT BE FILING A REPLY BRIEF.
55     10/27/1999
       MEMORANDUM FILED FROM PARALEGAL OFFICE TO JUDGE VAUGHN
       RE: ATTACHED ARE ALL PLEADINGS RELATING TO DEFENDANT'S POST-TRIAL
       MOTION, WHICH HAS COMPLETED BRIEFING.
56     01/07/2000                                VAUGHN JAMES T. JR.
       MOTION FOR JUDGMENT OF ACQUITTAL OR ALTERNATIVELY, A NEW TRIAL, IS
       DENIED.
57     02/11/2000                                VAUGHN JAMES T. JR.
       SENTENCING CALENDAR: DEFENDANT SENTENCED AS TO IK98-01-0264, 0266
       AND 0267. MOTION TO DECLARE DEFENDANT A HABITUAL OFFENDER WAS
       GRANTED.
58     02/11/2000                                VAUGHN JAMES T. JR.
       SENTENCE: ORDER
59     02/25/2000
       NOTICE OF APPEAL 79,2000
60     02/25/2000
       DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT DUE NO LATER THAN 4/3/00
61     03/03/2000
       LETTER FROM PARALEGAL OFFICE TO P. SWIERZBINSKI, ESQUIRE
       RE: ATTACHED IS A MOTION THE COURT RECEIVED FROM DEFENDANT.
62     04/04/2000
       LETTER FROM PARALEGAL OFFICE TO P. SWIERZBINSKI, ESQUIRE
       RE: ATTACHED IS CORRESPONDENCE THE COURT RECEIVED FROM THE DEFENDANT.
63     04/04/2000
       TRANSCRIPT OF SENTENCING FILED. (BURRELL)
64     04/06/2000
       LETTER FROM SUPREME COURT STATING RECORD IS DUE NO LATER THAN 4/14/00.
65     04/06/2000
       RECORDS SENT TO SUPREME COURT.
66     11/15/2000
       MANDATE FILED FROM SUPREME COURT - AFFIRMED.
67     03/16/2001
       LETTER FROM PARALEGAL OFFICE TO GREGORY BORDLEY
       RE: MOTION FOR TRANSCRIPTS.
68     03/20/2001
       MOTION FOR APPOINTMENT OF COUNSEL FILED.
69     04/30/2001
```

A-20

SUPERIOR COURT CRIMINAL DOCKET                    Page    6
( as of   09/23/2002 )

State of Delaware v.  GREGORY A BORDLEY                    DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.        AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.         GREGORY BORDLEY

```
       Event
No.    Date          Event                              Judge
-----------------------------------------------------------------------------
       LETTER FROM PARALEGAL OFFICE TO GREGORY BORDLEY
       RE: RETRIEVAL FEE IS $10.00. DOCKET FOR LOPER CASE IS $2.00.
       PLEASE SUBMIT $12.00 TO PROTHONOTARY.
70     05/15/2001
       DEFENDANT'S LETTER FILED.
       RE: MOTION FOR TRANSCRIPTS. RESPONDED TO DEFENDANT PREVIOUSLY
       ON 3/16/2001.
71     05/16/2001                              VAUGHN JAMES T. JR.
       LETTER/ORDER ISSUED BY JUDGE VAUGHN
       RE: MOTION FOR APPOINTMENT OF COUNSEL IS DENIED.
       IF YOU DO FILE A MOTION FOR POSTCONVICTION RELIEF,
       YOU MAY RENEW YOUR REQUEST FOR APPOINTMENT OF COUNSEL.
72     05/24/2001
       MOTION FOR TRANSCRIPT FILED (PRO SE).
       RECEIVED 4/4/2001.
73     05/24/2001
       AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED IN FORMA PAUPERIS.
74     06/01/2001
       DEFENDANT'S LETTER FILED.
       RECEIVED 5/22/2001. DEFENDANT REQUESTS DOCKET REGARDING #9810007608.
       THIS OFFICE RESPONDED 4/30/2001, FEE IS $2.00.
75     06/06/2001
       LETTER FROM JUDGE VAUGHN TO GREGORY BORDLEY
       RE: MOTION FOR TRANSCRIPTS. A DIRECT APPEAL WAS FILED AFTER YOUR
       CONVICTION. I AM REFERRING YOUR LETTER TO PUBLIC DEFENDER'S OFFICE.
76     06/07/2001
       MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
       TWO (2) ORIGINAL MOTIONS RECEIVED.
77     06/07/2001
       DEFENDANT'S LETTER FILED.
       RE: $2.00 MONEY ORDER FOR DOCKET #9810007608.
       NOTE: THE COURT HAS NOT RECEIVED THE MONEY ORDER FROM THE DEFENDANT.
78     06/14/2001                              VAUGHN JAMES T. JR.
       ORDER: THE DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF IS REFERRED TO
       COMMISSIONER ANDREA MAYBEE FREUD FOR PROPOSED FINDINGS AND RECOMMENDA-
       TIONS PURSUANT TO 10 DEL.C. SECTION 512(B) AND CRIMINAL RULE 62.
79     06/14/2001
       DEFENDANT'S LETTER FILED.
       RECEIVED 6/11/2001. RE: $2.00 MONEY ORDER FOR DOCKET #9810007608.
       NOTE: THE COURT HAS NOT RECEIVED THE MONEY ORDER FROM THE DEFENDANT.
80     06/14/2001
       MOTION FOR APPOINTMENT OF COUNSEL FILED.
```

A-21

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    7
                      ( as of  09/23/2002 )

State of Delaware v.  GREGORY A BORDLEY                    DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.      AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.       GREGORY BORDLEY

        Event
No.     Date          Event                            Judge
-----------------------------------------------------------------------------
81   06/19/2001                              FREUD ANDREA MAYBEE
        ORDER: 1) PRIOR COUNSEL DURING PRE-TRIAL AND TRIAL PROCEEDINGS,
                  JOHN H. MCDONALD, ESQUIRE, ATTORNEY-IN-CHARGE OF THE
                  KENT COUNTY OFFICE OF THE PUBLIC DEFENDER, AND DURING
                  APPELLANT PROCEEDINGS, BERNARD J. O'DONNELL, ESQUIRE,
                  SHALL FILE AFFIDAVITS ON OR BEFORE JULY 16, 2001.
               2) DEPARTRMENT OF JUSTICE SHALL FILE A LEGAL MEMORANDUM
                  ON OR BEFORE AUGUST 16, 2001.
               3) ANY REPLY BY THE MOVANT SHALL BE FILED BY SEPTEMBER
                  17, 2001.
82   06/19/2001
        LETTER FROM PARALEGAL OFFICE TO COUNSEL
        RE: PURSUANT TO CRIMINAL RULE 61(C)(4), THIS LETTER SERVES AS YOUR
        NOTICE THAT THE DEFENDANT HAS FILED A MOTION FOR POSTCONVICTION RELIEF
83   06/21/2001                              FREUD ANDREA MAYBEE
        MOTION FOR APPOINTMENT OF COUNSEL DENIED.
84   07/03/2001
        MOTION TO AMEND MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
86   07/03/2001
        AMENDED MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
85   07/05/2001
        MOTION TO AMEND MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
87   07/05/2001
        AMENDED MOTION FOR POSTCONVICTION RELIEF FILED (PRO SE).
88   07/06/2001
        MOTION FOR APPOINTMENT OF COUNSEL FILED BY DEFENDANT.
        RECEIVED 7/3/2001.
89   07/06/2001
        AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED IN FORMA PAUPERIS
        FILED BY DEFENDANT. RECEIVED 7/3/2001.
90   07/06/2001
        LETTER FROM JOHN MCDONALD, ASST PUB DEF  TO GREGORY BORDLEY
        RE:REQUESTING THAT MR. BORDLEY RETURN THE COPY OF THE TRANSCRIPTS TO
        MR. MCDONALD IN ORDER TO FILE AN AFFIDAVIT.
91   07/06/2001
        LETTER FROM JOHN MCDONALD, ESQUIRE, TO GREGORY BORDLEY
        RE: PLEASE RETURN TRANSCRIPTS TO OFFICE OF PUBLIC DEFENDER IN ORDER
        TO FILE AFFIDAVIT IN RESPONSE TO MOTION FOR POSTCONVICTION RELIEF.
92   07/10/2001                              FREUD ANDREA MAYBEE
        AMENDED ORDER
        UPON CONSIDERATION OF MOTION TO AMEND MOTION FOR POSTCONVICTION
        RELIEF, THE COURT GRANTS THIS REQUEST; THUS, IT IS ORDERED THAT:
```

A-22

```
                        SUPERIOR COURT CRIMINAL DOCKET            Page    8
                          ( as of  09/23/2002 )
```

State of Delaware v.  GREGORY A BORDLEY                    DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.       AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.        GREGORY BORDLEY

```
      Event
No.   Date            Event                        Judge
-------------------------------------------------------------------------
      1) JOHN MCDONALD, ESQUIRE, AND BERNARD O'DONNELL, ESQUIRE, SHALL
         FILE AFFIDAVITS ON OR BEFORE FRIDAY, AUGUST 17, 2001.
      2) DEPARTMENT OF JUSTICE SHALL FILE A LEGAL MEMORANDUM ON OR
         BEFORE MONDAY, SEPTEMBER 17, 2001.
      3) ANY REPLY BY THE MOVANT SHALL BE FILED BY WEDNESDAY, OCTOBER
         17, 2001.
93    07/13/2001
      AFFIDAVIT OF BERNARD O'DONNELL, ESQUIRE, FILED IN RESPONSE TO
      MOTION FOR POSTCONVICTION RELIEF.
100   07/16/2001                              FREUD ANDREA MAYBEE
      MOTION FOR APPOINTMENT OF COUNSEL DENIED.
      LETTER/ORDER ISSUED BY COMMISSIONER FREUD.
94    07/19/2001
      DEFENDANT'S LETTER FILED.
      RECEIVED 6/27/2001 RE: $2.00 MONEY ORDER FOR DOCKET #9810007608.
      PER ACCOUNTING SECTION, THIS MONEY ORDER HAS NOT BEEN RECEIVED BY THE
      COURT.
95    08/14/2001
      AFFIDAVIT OF JOHN H. MCDONALD, ESQUIRE, IN RESPONSE TO DEFENDANT'S
      RULE 61 MOTION FOR POSTCONVICTION RELIEF.
96    08/23/2001
      AFFIDAVIT OF BERNARD O'DONNELL, ESQUIRE, IN REPSONSE TO MOTION
      FOR POSTCONVICTION RELIEF FILED.
101   08/31/2001
      LETTER FROM PARALEGAL OFFICE TO GREGORY BORDLEY
      RE: MUST FILE A MOTION FOR TRANSCRIPTS.
97    09/17/2001
      STATE'S RESPONSE FILED (D. WEEKS-TAPPAN) TO MOTION FOR POSTCONVICTION
      RELIEF.
98    10/12/2001
      DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING FILED (PRO SE).
99    10/12/2001
      DEFENDANT'S REPLY BRIEF FILED REGARDING MOTION FOR POSTCONVICTION
      RELIEF (PRO SE).
102   10/15/2001
      MEMORANDUM FILED FROM PARALEGAL OFFICE TO COMMISSIONER FREUD
      RE: MOTION FOR POSTCONVICTION RELIEF HAS COMPLETED BRIEFING.
103   11/08/2001
      COPY OF DOCKET REQUESTED AND SENT.
104   04/18/2002                              FREUD ANDREA MAYBEE
      COMMISSIONER'S REPORT AND RECOMMENDATIONS FILED.
      UPON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF PURSUANT TO
```

A-23

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    9
                     ( as of  09/23/2002 )
```

State of Delaware v.  GREGORY A BORDLEY                      DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.      AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.       GREGORY BORDLEY

```
      Event
No.   Date        Event                                   Judge
-------------------------------------------------------------------------
      SUPERIOR COURT CRIMINAL RULE 61. RECOMMEND THAT BORDLEY'S POST-
      CONVICTION MOTION BE DISMISSED AS PROCEDURALLY BARRED BY RULE
      61(I)(3) AND (4) FOR FAILURE TO PROVE CAUSE AND PREJUDICE AND
      AS PREVIOUSLY ADJUDICATED.
105  04/19/2002
      DEFENDANT'S LETTER FILED.
      RE: MOTION FOR POSTCONVICTION RELIEF.
      NOTE: COMMISSIONER'S REPORT AND RECOMMENDATION WAS RENDERD 4/18/2002.
106  05/06/2002
      MOTION FOR EXTENSION OF TIME FILED (PRO SE).
      (DESCRIBE TYPE OF TIME LIMIT: UNTIL MAY 21, 2002)
107  05/08/2002                                      VAUGHN JAMES T. JR.
      MOTION FOR EXTENSION OF TIME GRANTED.
      DEFENDANT IS GRANTED EXTENSION OF TIME FOR FILING WRITTEN OBJECTIONS
      TO COMMISSIONER'S REPORT AND RECOMEMNDATION UNTIL ON OR BEFORE
      MAY 21, 2002.
108  05/10/2002
      COPY OF DOCKET AND INDICTMENT REQUESTED AND SENT.
109  06/28/2002
      LETTER MEMORANDUM CONCERNING NEWLY DISCOVERED EVIDENCE REGARDING
      MOTION FOR POSTCONVICTION RELIEF (PRO SE).
110  08/06/2002
      LETTER FROM GREGORY BORDLEY TO JUDGE VAUGHN
      RE: OUTSTANDING CONFLICT CONCERNING CASE.

          *** END OF DOCKET LISTING AS OF  09/23/2002 ***
               PRINTED BY: CSCJBE2
```

A-24

```
                        SUPERIOR COURT CRIMINAL DOCKET          Page     1
                          ( as of  10/07/2003 )

State of Delaware v.  GREGORY A BORDLEY                    DOB: 01/30/1961
State's Atty: FRANCIS E FARREN , Esq.      AKA: GREGORY BORDLEY
Defense Atty: RICHARD M BAUMEISTER , Esq.       GREGORY BORDLEY


Assigned Judge:

Charges:
Count    DUC#         Crim.Action#    Description        Dispo.   Dispo. Date
-----------------------------------------------------------------------------
 001    9801004118    IK98010264R1    BURGLARY 1ST       TG       01/07/1999
 002    9801004118    IK98010265      TERROR THREAT      TNG      01/07/1999
 003    9801004118    IK98010266R1    ASSAULT 3RD        TG       01/07/1999
 004    9801004118    IK98010267R1    CRIM MISC <1000    TG       01/07/1999
 005    9801004118    K98010268       NON COMP BOND      NOLP     02/02/1998

        Event
No.     Date         Event                              Judge
-----------------------------------------------------------------------------
118   04/23/2003
        MANDATE FILED FROM SUPREME COURT:  SUPERIOR COURT JUDGMENT AFFIRMED.
        SUPREME COURT CASE NO: 596, 2002
119   05/05/2003
        DEFENDANT'S REQUEST FOR COURT-APPOINTED COUNSEL OR AN EVIDENTIARY
        HEARING FILED.
120   05/06/2003
        MEMORANDUM FILED FROM PARALEGAL OFFICE TO JUDGE VAUGHN
        RE: DEFERRED MOTION FOR RECONSIDERATION OF MOTION FOR POSTCONVICTION
        RELIEF IS READY FOR DECISION.
121   06/25/2003
        DEFENDANT'S LETTER FILED.
        RE: MOTION FOR RECONSIDERATION OF MOTION FOR POSTCONVICTION RELIEF.
        THIS IS A BRIEF SUMMARY OF THE CASE AT BAR. ALSO REQUEST TO APPOINT
        COUNSEL OR HOLD AN EVIDENTIARY HEARING.
122   07/03/2003
        MOTION FOR TRANSCRIPT FILED (PRO SE).
123   07/03/2003
        AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED IN FORMA PAUPERIS
        (PRO SE).
124   07/10/2003
        DEFENDANT'S LETTER FILED.
        RE: PENDING MTNPCR.
125   07/21/2003
        COPY OF DOCKET REQUESTED AND SENT.
126   08/29/2003                                 VAUGHN JAMES T. JR.
        ORDER: DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED. MOTION FOR
        APPOINTMENT OF COUNSEL AND MOTION FOR TRANSCRIPTS ARE ALSO DENIED.
127   10/02/2003
        NOTICE OF APPEAL 482, 2003
128   10/02/2003
        LETTER FROM SUPREME COURT STATING RECORD IS DUE NO LATER THAN 10/22/03

            *** END OF DOCKET LISTING AS OF  10/07/2003 ***
                PRINTED BY: CSCRMAN
```

CERTIFIED
AS A TRUE COPY  10/7/03
ATTEST· LISA M. LOWMAN, PROTHONOTARY
BY: Rebecca L Marchente

A-25

```
·GC701A                        ***** Courts Case Management *****
Aug  6,01                        - Browse Docket -                          1 more >

Name: LOPER ELIZABETH M            SBI#:              DOB: 12/04/1961
AGE OF CASE: 1029
                                   STATUS: SA CC      Crt: S      Loc: K

              Docket
   Event      Date      REF
-- ------  ----------  ----  -----------------------------------------------
01 ACCEPT 10/23/1998     1 CASE ACCEPTED IN SUPERIOR COURT.
                           ARREST DATE: 10/12/98
                           PRELIMINARY HEARING DATE: 10/23/1998
                           BAIL:
                           RELEASED ON UNSECURED BOND            3000.00
02 TRUEBL 12/07/1998     2 INDICTMENT, TRUE BILL FILED.
03 NSDRES 12/09/1998     4 NOTICE OF SERVICE - DISCOVERY RESPONSE.
04 AA     12/17/1998     3 ARRAIGNMENT CALENDAR - 10-C FILED_BY
05 CONLTR 01/05/1999     8 CONFLICT LETTER FILED BY RICHARD M. BAUMEISTER, ESQ.
06 ENTAPP 01/06/1999     5 ENTRY OF APPEARANCE BY DAVID W. JONES, ESQ.
 Case: 9810007608_          Date: _____    Event: _____
 Detail Y     Select  __                              Crt S
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn        DETL  SCHED CHARG bkwrd SENT  PRINT        < >  main
```

Exhibit (J)          A-26

```
Position cursor or enter screen number to select
GC701A                  ***** Courts Case Management *****
Aug  6,01                  - Browse Docket -                    1 more >

Name: LOPER ELIZABETH M            SBI#:              DOB: 12/04/1961
AGE OF CASE: 1029
                                 STATUS: SA CC        Crt: S       Loc: K

            Docket
   Event    Date       REF
-- ------  ----------  ----  --------------------------------------------
01 CCR     01/12/1999    6 CASE REVIEW CALENDAR CASE REVIEW CONTINUED TO 01/26/9
                           ATTORNEY UNPREPARED
02 CONREQ  01/19/1999    7 CONTINUANCE REQUEST FILED BY DAVID JONES, ESQ.; GRANT
                           RIDGELY; DEFENSE ATTORNEY AT SEMINAR; CR 1/27/99
03 CCR     01/27/1999    9 CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW 4/12
                           4/21/99
04 SUBISS  03/29/1999   10 SUBPOENA(S) ISSUED.
05 CFCR    04/12/1999   11 CASE REVIEW CALENDAR FINAL CASE REVIEW CONTINUED 4/13
                           DEFENDANT'S REQUEST-ATTY. ILL.
06 CFCR    04/13/1999   12 FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 4/21/99
   Case: 9810007608_        Date: _____     Event: _____
   Detail Y     Select __                      Crt S
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn       DETL  SCHED CHARG bkwrd SENT  PRINT        < >  main
```

A-27

```
Position                                                                 1 more >
GC701A                   ***** Courts Case Management *****
Aug  6,01                    - Browse Docket -                            1 more >

 Name: LOPER ELIZABETH M            SBI#:              DOB: 12/04/1961
 AGE OF CASE: 1029
                                    STATUS: SA CC      Crt: S      Loc: K

                 Docket
     Event        Date     REF
 -- ------    ----------   ----  ---------------------------------------------------
 01 TJT       04/21/1999    13  TRIAL CALENDAR-CONTINUED. DEFENSE REQUEST.
                                DEFENSE ATTY. IN TRIAL.  FINAL CASE REVIEW: 06/17/99;
 02 SUBISS    05/24/1999    14  SUBPOENA(S) ISSUED.
 03 CFCR      06/17/1999    15  FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 6/24/99.
 04 TJT       06/24/1999    16  JURY TRIAL:  CHARGES NOLLE PROSSED W/O PREJUDICE.
 05 NOLPRO    06/30/1999    17  NOLLE PROSEQUI FILED BY ATTORNEY GENERAL, DENNIS KELL
                                IK98-10-0473 WAS NOLLE PROSSED.
                                *** End of Data ***


 Case: 9810007608_          Date: _____      Event: _____
  Detail Y      Select __                            Crt S
 Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
       help  retrn        DETL  SCHED CHARG bkwrd SENT  PRINT       < >  main
```

A-28

```
Position cursor or enter screen value to select
 GC420A                  ***** Courts Case Management *****
·Aug  6,01                   - Browse All Charges -                    8:21 AM

                                             AGE OF CASE: 1029
 NAME: ELIZABETH M LOPER                             DOB: 12041961
                                        STATUS SA CC
 ARREST DATE 10/12/1998                              COUNTY K    C V
             * C H A R G E *                         *DISPOSITION*
 SEQ CT CRIM ACT #   DATE FILED STATUTE      DESCRIPTION  CODE DATE
 --- -- ------------ ---------- -------------- ------------ ---- ---------- - -
 001 J                          DE110602000BFE AGGR MENACIN TRAN 10/12/1998
 001 C  PK98  3342   10/13/1998                           WDPH 10/23/1998
 001 S  IK98100473   10/23/1998                           NOLP 06/24/1999
                     *** End of Data ***


 Case: 9810007608_

 Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
         help  retrn                 DSPVC bkwrd frwrd print              main
```

A-29



EXHIBIT A for

Elizabeth McCord
44 Lincoln Street
Dover, Delaware 19904

Gregory A. Bordley
00155019
Delaware Correctional Center
B-3 Smyrna, Delaware 19477
Pretrial

DATE 4·6·98    RECEIPT 268303
RECEIVED FROM E. Loper
Address Dover DE

FOR Gregory Bordley 155019    $500.00 DOLLARS

162835S

| ACCOUNT | | HOW PAID | |
|---|---|---|---|
| BEGINNING BALANCE | | CASH | |
| AMOUNT PAID | | CHECK | |
| BALANCE DUE | | MONEY ORDER | |

BY Chilton

EXHIBIT "A"    A-30

KILL

19202

GREGORY A BORDLEY
DELAWARE Correctional Cent
SMYRNA Delaware 19777
(pretrail)

B.3

---

Dear Gregory A. Bordley,

To my frist love you will Be
getting out pretty soon.

I am smokein these nasty ass
cop. for you & me.

Tell Tomme Cop
I said hi

Love ya,

Libby

EXHIBIT "B"        A-31



EXHIBIT "C"              A-32

To Gregory A. Boardley

Love ya.

Now Leave me          — a wonderful world
Alone.                         of happiness.

Policewoman
I Am.

State Board of
Health

A-33



Gregory A. Bordles
Delaware Correctional Center
Smyrna, Delaware

(pretrail)
19963

When I think
of the things
I'm thankful for
I think of you.

Love ya
Libbs

EXHIBIT "E"                    A-34



Gregory A. Bordley

Delaware Correctional Center

Smyrna, Delaware (Pre Akail) 19463

19977

5/22/98

I got sent up.

My son is there
And so
is my cousin
Leon
Price

Warm thoughts of you
are a special part
of my day.

Date: May, 19 2000

Gregory A. Bordley

Gregory A. Bordley

Notary — Dave Hoofogle

Commission Expires on 04/17/2001

A-35

Gregory you will
always Be there
But I Am
Moving on.
You Hit me To
many times
unuuver
cop.

EXHIBIT "F"