IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **GREGORY A. BORDLEY,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 05-315-KAJ |
| | : | |
| **THOMAS CARROLL**, Warden and **M. JANE BRADY**, Attorney General for the State of Delaware, | : : : | |
| | : | |
| Respondents. | : | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On January 7, 1999, the petitioner, Gregory A. Bordley, was convicted by a Delaware Superior Court jury of first degree burglary, third degree assault and criminal mischief stemming from a domestic dispute. Bordley's convictions and sentence were affirmed on appeal. *Bordley v. State*, No. 79, 2000, 2000 WL 1626987 (Del. Oct. 25, 2000). In June 2001, Bordley moved the Superior Court for postconviction relief under Criminal Rule 61. *See Bordley v. State*, No. 596, 2002, 2003 WL 1824841, *1 (Del. April 1, 2003). Bordley filed an amended motion in July 2001. *See id*. On September 30, 2002, Superior Court denied Bordley's motion and amended motion, adopting the report of the Superior Court Commissioner to whom the motions had been referred. *See id*. Bordley moved for reconsideration and also appealed the Superior Court's decision. *See Bordley v. State*, No. 482, 2004, 2004 WL 1535782, *1 (Del. June 30, 2004). On April 1, 2003, the Delaware Supreme Court affirmed the Superior Court's order denying postconviction relief. *Bordley*, 2003

1

WL 1824841 at *2. Superior Court denied Bordley's motion for reconsideration on August 29, 2003, and Bordley appealed. On appeal, the state supreme court affirmed the lower court's decision to deny the motion. *Bordley*, 2004 WL 1535782 at *1. Bordley's federal habeas petition is undated, but both his memorandum of law in support of his habeas petition and his appendix are dated May 17, 2005. D.I. 2 & 3.

## Facts

The relevant facts of this case, as noted by the Delaware Supreme Court in *Bordley*, 2000 WL 1626987 at **1, are as follows:

> At about 1:30 a.m. on the day of the incident, Bordley called his girlfriend, Elizabeth Loper, and told her he was coming over to her house. She told him not to, and reminded him that a no-contact order had been entered against him. About one half hour later, Loper heard Bordley banging on her front door and calling her name. While Loper was trying to call the police, Bordley kicked the door in and started walking through one side of the house. Loper ran through a different part of the house out to the front porch. As Bordley was chasing Loper, he said, "I'm going to kill you." Bordley caught up with Loper on the porch and punched her in the face.

## Discussion

Liberally reading his petition, Bordley presents the following ineffective assistance of trial counsel claims (1): (a) counsel misinformed Bordley concerning his habitual offender status; (b) counsel had a conflict of interest because he represented Loper in an unrelated case; and (c) counsel failed to interview Loper or investigate the case. D.I. 1, 2. In addition, Bordley presents the following substantive claims: (2) the trial judge abused his discretion when he denied the defense request for a continuance; (3) the trial court abused its discretion by failing to allow cross-examination of Loper regarding her mental history in violation of Bordley's confrontation rights; and

(4) the trial court abused its discretion in failing to admit cards and a money order sent from Loper to Bordley after his arrest. D.I. 1, 2.

Bordley is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. § 2244(d). Because Bordley's petition was filed in May 2005, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). Bordley does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable. Thus, the one-year period of limitations began to run when Bordley's conviction became final under § 2244(d)(1)(A). *See, e.g., Gibbs v. Carroll*, 2004 WL 1376588, *2 (D. Del. June 17, 2004). By the terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998). The Delaware Supreme Court affirmed Bordley's conviction and sentence on October 25, 2000. *Bordley*, 2000 WL 1626987 at **1. Although Bordley did not seek review by the United States Supreme Court, the ninety-day period in which he could have filed a petition for a writ of certiorari expired on January 23, 2001. *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Bordley thus had until January 24, 2002, to file his federal habeas petition without running afoul of § 2244(d). *See, e.g., Samuel v. Carroll*, 2004 WL 1368845 (D. Del. June 9,

2004); *Morales v. Carroll*, 2004 WL 1043723 (D. Del. Apr. 28, 2004). Bordley's petition, dated May 17, 2005,[1] is obviously filed past the January 2002 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Bordley's petition from the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Section 2244(d)(2) provides only that the limitations period is tolled for the time that a motion for state postconviction relief is pending, but it does not stop the limitations clock from running until all state postconviction motions are decided. *See Marvel v. Dep't of Correction*, Civ. Act. No. 97-568-LON, order at ¶ 9 (D. Del. Nov. 17, 1998). Although Bordley's postconviction motion acted to toll the limitations period, an aggregate period of more than the one-year limitations period elapsed, and his claims are time barred. In the first instance, 134 days elapsed after January 24, 2001, the date the limitations period started to run, before Bordley filed a state postconviction motion in the Delaware Superior Court on June 7, 2001. *See* D.I. 3 at A21. The court denied the motion (and amended motion) on September 30, 2002, and an appeal was taken. *See Bordley*, 2003 WL 1824841 at *1. The state supreme court affirmed the trial court's decision on April 1, 2003. *See Bordley*, 2003 WL 1824841 at *1-2. Bordley also moved the trial court for reconsideration of its denial of postconviction relief. That motion was denied on August 29, 2003,

---

[1] *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (same); *Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

and an appeal was taken. *See Bordley*, 2004 WL 1535782 at *1. The limitations clock began to run again after the state supreme court affirmed the trial court's denial of the motion for reconsideration on June 30, 2004. *See id.*; *see also Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001) (§ 2244(d)(2) does not contemplate a 90-day period for seeking a writ of certiorari); *Swartz v. Meyers*, 204 F.3d 417, 421-22 & n.5 (3d Cir. 2000). Bordley did not file another state postconviction motion or petition prior to the filing of his federal habeas petition on May 17, 2005. Thus, another 322 days ran, for an aggregate of 456 days, prior to the filing of Bordley's petition. As a result, the one-year limitations period of § 2244 expired, and Bordley's claims are untimely and should be dismissed.

Of course, as the Court has repeatedly noted, the limitation period might be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Bordley has failed to allege or demonstrate any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Bordley cannot credibly allege that the legal arguments or facts were unavailable to him during the limitations period. Bordley contends that his petition is timely because the writ was filed within one year after his state postconviction proceedings were concluded. D.I. 1 at 14. Bordley, however, failed to include the time between the conclusion of his direct appeal from his conviction and the filing of his state postconviction motion toward the limitations period. "To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance." *Wilmer v. Carroll*, 2003 WL 21146750, *5 (D. Del. May 16, 2003);

*see Simpson v. Snyder*, 2002 WL 1000094, order at *3 (D. Del. May 14, 2002) (rejecting such an argument made by petitioner). In short, Bordley's claims are untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

Alternatively, Bordley's claims are procedurally defaulted or without merit. In order to exhaust state remedies, Bordley must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir.), *cert. denied*, 498 U.S. 811 (1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). A petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del. Dec. 22, 2000). Bordley has not presented his first ineffective assistance of counsel claim, that counsel misinformed Bordley concerning his habitual offender status, to the Delaware Supreme Court, and thus this claim is unexhausted. *See* Appellant's Op. Brs. in *Bordley v. State*, Del. Supr. Nos.: 79, 2000; 596, 2002; and 482, 2003. If, however, there is no available state remedy, then Bordley is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001). If Bordley were to raise this claim in a second state postconviction motion, his claim would barred as untimely and repetitive, all claims being required to be raised in the first postconviction motion. *See* DEL. SUPER. CT. CRIM. R. 61(i)(1), (2). Thus, Bordley's claim that his counsel misinformed him is excused from the exhaustion requirement, but procedurally defaulted. Bordley's second claim of ineffective assistance of counsel, conflict of interest, is similarly procedurally defaulted in the state courts. Bordley presented the claim in his appeal of the Superior

6

Court's denial of his motion to reconsider the postconviction motion. *See* Appellant's Op. Br. in *Bordley v. State*, Del. Supr., No. 482, 2003. Thus, this claim has been exhausted. *See* 28 U.S.C. § 2254(b); *Smith v. Digmon*, 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). However, because Bordley failed to raise the issue in his appeal from the denial of his postconviction motion (*See Bordley*, 2004 WL 1535782 at *1; *see also* State's Motion to Affirm at 3 in *Bordley v. State*, Del. Supr. No. 482, 2003), the claim has been procedurally defaulted. *See Kennedy v. Kearney*, 1996 WL 534877, *2-3 (D. Del. Sept. 11, 1996); *see also Brown v. Cuyler*, 669 F.2d 155, 159 (3d Cir. 1982) (the State's understanding of a petitioner's argument, as reflected in its brief before the state court, may shed light on whether the petitioner has exhausted his state remedies). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Bordley has not alleged cause for his failure to have raised his first and second claims of ineffective assistance of counsel in the state courts. As a result, Bordley has not established cause for his procedural defaults, and that alone is enough to warrant dismissal his federal claims. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31, 2004). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

Moreover, the Delaware Supreme Court found that Bordley's substantive claims (Claims 2-4) were procedurally barred under Superior Court Criminal Rule 61(i)(3) for failure to have raised the claims in his direct appeal. *Bordley*, 2003 WL 1824841 at *1 (affirming on the basis of the Superior Court's decision dated September 30, 2002 that adopted the Commissioner's well-reasoned report

and recommendation); *see State v. Bordley*, ID No. 9801004118, Commissioner's Report and Recommendation at 5-9 (Del. Super. Ct. April 18, 2002) (Ex. F to State's Motion to Affirm in Del. Supr. Ct. No. 482, 2003). Thus, because Bordley failed to comply with independent and adequate state procedural rules, his claims 2, 3, and 4, although exhausted, are procedurally defaulted. *See Harris v. Reed*, 489 U.S. 255, 263 (1989); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). Bordley has alleged ineffective assistance of appellate counsel as cause for his failure to have raised these claims on direct appeal from his convictions. D.I. 2 at 24. In turn, Bordley raised his claim of ineffective assistance of appellate counsel on his first appeal from the denial of his postconviction motion, but failed to allege that appellate counsel should have raised these particular claims. To the extent that Bordley now asserts that appellate counsel should have raised these claims, that claim is itself unexhausted and cannot constitute cause. *See Edwards v. Carpenter,* 529 U.S. 446, 452-53 (2000) (an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted); *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) (an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in a state court must itself be independently exhausted). Thus, these claims should be dismissed.

      Bordley has thus procedurally defaulted all of the claims in his federal habeas petition except his claim that his counsel was ineffective because he failed to investigate the case. That claim was presented to the state supreme court on appeal from the denial of his postconviction motion and is thus exhausted. *See Digmon*, 434 U.S. at 333; *Swanger*, 750 F.2d at 295. Nevertheless, the claim is unavailing. Under 28 U.S.C. § 2254(d), a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United

States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999); *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). The clearly established federal law which governs ineffective assistance of counsel claims is the two-pronged standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Reed v. Carroll*, Civ. Act. No. 04-326-GMS, mem. op. at 18 (D. Del. Aug. 26, 2005) (citing *Wiggins v. Smith*, 539 U.S. 510 (2003)). In this case, the Delaware state courts correctly identified the two-prong *Strickland* standard to Bordley's ineffectiveness claim. Thus the state supreme court's denial of the claim was not contrary to clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 406 (2000).

Moreover, the state courts reasonably applied the rule to the specific facts of Bordley's case. *See* 28 U.S.C. § 2254(d)(1). To prevail on a claim of ineffective assistance of counsel, a petitioner must first demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In evaluating whether counsel performed reasonably, a court "must be highly deferential." *Id.* at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. *See Strickland*, 466 U.S. at 687. The Third Circuit has stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (citing *Strickland*, 466 U.S. at 668); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Bordley makes broad allegations that his trial counsel was unprepared for trial, failed to

9

interview the victim or investigate the case. Bordley, however, does not articulate what investigation his counsel should have pursued or how that investigation would have benefited him at trial. Bordley's case was not complicated. Loper called the police and reported that Bordley had broken in her door, threatened to kill her and assaulted her. Police found the damaged door with a footprint on it and Loper with a swollen face. *See* A14-16 in Appendix to Appellant's Op. Br. in *Bordley v. State*, Del. Supr. No. 79, 2000. Loper and Bordley had a history of domestic violence. *Id.* at A10-11. Although Bordley contends that his counsel should have interviewed Loper and had her evaluated for competency to testify at trial, he does not explain how that could have been accomplished. Most significantly, Bordley has failed to articulate how his counsel's lack of preparation prejudiced Bordley at trial. In this case, the evidence was straightforward and Loper's testimony was sufficient to convict Bordley of the charged crimes. Trial counsel effectively cross-examined Loper and in closing highlighted Loper's medical problems to create an inference that she was not a credible witness. *E.g.,* B13 in Appendix to State's Ans. Br. in *Bordley v. State*, Del. Supr. No. 79, 2000. Bordley has not demonstrated any action or inaction of his trial counsel adversely impacted his trial. Thus, Bordley failed to meet the stringent standards of *Strickland*, requiring the petitioner to demonstrate both deficient performance and resulting prejudice. Thus, the state courts' finding that Bordley's claim of ineffective assistance of counsel was conclusory and failed to establish prejudice is a reasonable application of clearly established federal law. This claim should be dismissed.

## Conclusion

Based upon the Superior Court docket sheet, it appears that the transcripts of Bordley's trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available.

However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: September 1, 2005