IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 AUG 22  AM 7: 29

| | | |
|---|---|---|
| GREGORY A. BORDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-315-KAJ |
| | ) | |
| THOMAS CARROLL, Warden, and CARL C. DANBERG, Attorney General of the State of Delaware, | ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

# MEMORANDUM OPINION

———————

Gregory A. Bordley.  *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Attorney for respondents.

———————

August 22, 2006
Wilmington, Delaware



Jordan, District Judge

## I. INTRODUCTION

Petitioner Gregory A. Bordley ("Bordley") filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.) Bordley is incarcerated in the Delaware Correctional Center in Smyrna, Delaware. For the reasons that follow, I will dismiss Bordley's § 2254 petition as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

As noted by the Delaware Supreme Court on direct appeal, the facts of Bordley's case are as follows:

> At about 1:30 a.m. on the day of the incident, Bordley called his girlfriend, Elizabeth Loper, and told her he was coming over to her house. She told him not to, and reminded him that a no-contact order had been entered against him. About one half hour later, Loper heard Bordley banging on her front door and calling her name. While Loper was trying to call the police, Bordley kicked the door in and started walking through one side of the house. Loper ran through a different part of the house out to the front porch. As Bordley was chasing Loper, he said, "I'm going to kill you." Bordley caught up with Loper on the porch and punched her in the face.

*Bordley v. State*, 763 A.2d 90 (Table), 2000 WL 1626987 (Del. Oct. 25, 2000).

On January 7, 1999, a Delaware Superior Court jury convicted Bordley of first degree burglary, third degree assault, and criminal mischief. The Superior Court sentenced Bordley as an habitual offender to life imprisonment. The Delaware Supreme Court affirmed Bordley's convictions and sentences on direct appeal. *Id.*

Bordley filed a motion in the Superior Court for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") in June 2001. He also

1

filed an amended Rule 61 motion in July 2001. The Superior Court denied both Rule 61 motions on September 30, 2002. *See Bordley v. State*, 820 A.2d 371 (Table), 2003 WL 1824841, at *1 (Del. April 1, 2003). Bordley moved for reconsideration, but before the Superior Court could rule on that motion, he filed a post-conviction appeal in the Delaware Supreme Court. *See Bordley v. State*, 852 A.2d 907 (Table), 2004 WL 1535782, at *1 (Del. June 30, 2004). The Delaware Supreme Court affirmed the Superior Court's judgment on April 1, 2003. *Bordley*, 2003 WL 1824841, at *2. The Superior Court denied Bordley's motion for reconsideration on August 23, 2003, and the Delaware Supreme Court affirmed that decision. *Bordley,* 2004 WL 1535782, at *1.

Bordley's habeas petition and supporting memorandum assert the following claims: (1) trial counsel provided constitutionally ineffective assistance of counsel; (2) the trial judge abused his discretion by denying the defense request for a continuance; (3) the trial judge abused his discretion by failing to allow cross-examination of Loper regarding her mental history, thereby violating Bordley's confrontation rights; and (4) the trial judge abused his discretion by failing to admit cards and money orders sent form Loper to Bordley after his arrest.

The State filed an Answer asserting that the petition is untimely. (D.I. 13.)

## III. DISCUSSION

### A. One Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after that date must comply with AEDPA's requirements. *See generally Lindh v.*

*Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Bordley's § 2254 petition, filed in May 2005, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Bordley does not allege, nor can I discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when Bordley's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed Bordley's conviction and sentence on October 25, 2000, and the ninety-day period for seeking certiorari review expired on January 23, 2001. Therefore, the one-year limitations

period began to run on January 24, 2001, and, to be timely, Bordley was required to file a § 2254 petition by January 24, 2002. *See Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure Rule 6(a) applies to the calculation of the AEDPA's one-year limitations period); *see, e.g., Harris v. Snyder*, 2002 WL 47895 (D. Del. Jan. 11, 2002).

Bordley did not file the instant habeas petition until May 17, 2005.[1] Therefore, his habeas petition is time-barred and should be dismissed, unless the time-period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

### B. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the time the action is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000).

---

[1] A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Although Bordley's § 2254 petition is not dated, his supporting memorandum is dated May 17, 2005. The clerk's office received the petition and supporting memorandum on the same date. Therefore, presuming that Bordley dated the his supporting memorandum on the same date that he signed his petition, I adopt May 17, 2005 as the filing date.

Here, Bordley filed a Rule 61 motion in the Superior Court on June 7, 2001, the Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on April 1, 2003.  However, prior to filing his post-conviction appeal, Bordley filed a motion for the Superior Court to reconsider its denial of his Rule 61 motion.  The Superior Court denied the reconsideration motion on August 29, 2003, and the Delaware Supreme Court affirmed that decision on June 30, 2004.  Consequently, Bordley's Rule 61 motion and his reconsideration motion act together and toll the limitations period from June 7, 2001 through June 30, 2004.

The limitations clock started to run again on July 1, 2004.  Yet, because Bordley filed his Rule 61 motion 134 days after his conviction became final, there were 231 days remaining in AEDPA's limitations period.  Bordley did not file his habeas petition or any state applications for post-conviction relief within that time-frame, and the limitations period expired on February 16, 2005.  Therefore, statutory tolling does not render Bordley's petition timely.

### C. Equitable Tolling

It is well-settled that AEDPA's limitations period may be subject to equitable tolling, but federal courts apply this doctrine sparingly. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616 (3d Cir. 1998); *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable

neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Bordley does not assert that any extraordinary circumstances prevented him from timely filing his habeas petition. Moreover, even if Bordley's untimely filing of the instant petition were due to a mistake in computing AEDPA's limitations period, that mistake does not justify equitable tolling. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). Accordingly, I conclude that equitable tolling is not warranted in this case.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a

certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

I conclude that Bordley's petition for habeas relief is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, I decline to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Bordley's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate Order shall issue.